Submitted on record and briefs February 1, rules held valid August 8, 1990

# William Nate CLARK,
*Petitioner,*

*v.*

# Dave SCHUMACHER,
## and Fred Pearce,
*Respondents.*

## (CA A61265)
795 P2d 1093

■■■■■■■■■■■■■■■

William Nate Clark, Pendleton, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem, filed the brief for respondents.

Before Graber, Presiding Judge pro tempore, and Joseph, Chief Judge,* and Edmonds, Judge.

JOSEPH, C. J.

■■■■■■■■■■■■■

Graber, P. J., pro tempore, specially concurring.

---

* Joseph, C. J., *vice* Riggs, J.

**JOSEPH, C. J.**

Petitioner seeks judicial review of the validity of two Department of Corrections rules that authorize fines for prison disciplinary violations. ORS 183.400.

The rules are titled "Inmate Prohibited Conduct and Procedure for Processing Disciplinary Actions." The notice of intended rulemaking was dated January 29, 1989. The amendments were effective on April 21, 1989. OAR 291-105-036 is headed "Imposition of Sanctions-Informal Disciplinary Hearings" and provides, in part:

> "Upon finding that a violation occurred as charged, the Disciplinary Adjudicator may:
>
> "* * * * *
>
> "(9)   Impose a fine not to exceed $25."

OAR 291-105-051 is headed "Recommendations-Formal Disciplinary Hearings" and provides, in part:

> "Upon the finding of violation by the Hearings Officer, the Hearings Officer and/or the Disciplinary Committee may then recommend any of the following sanctions * * *.
>
> "* * * * *
>
> "(13)   Impose a fine not to exceed $200 * * *."

Petitioner challenges the rules on three grounds: First, they were not adopted in compliance with appropriate rulemaking procedures; second, they exceed statutory authority; and, finally, they violate the Oregon and United States Constitutions. ORS 183.400(4).[1] We begin with the rulemaking challenge. *Planned Parenthood Assn v. Dept. of Human Res.*, 297 Or 562, 565, 687 P2d 785 (1984).

Petitioner argues that the rules are invalid, because they were not filed with Legislative Counsel, ORS 183.715, no fiscal impact statement was prepared, and notice was not published in the Eastern Oregon Correctional Institution

---

[1] ORS 183.400(4) provides:

"The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

(EOCI) newsletter. The affidavit of respondent Schumacher, as Rules Coordinator, establishes that a copy of the rules was filed in the office of Legislative Counsel on April 21, 1989, before the final adoption, which disposes of the first argument.

■ An agency must provide notice before adopting, amending or repealing a rule. ORS 183.335(1). The notice must include, *inter alia,* a fiscal impact statement. ORS 183.335(2)(b)(D).[2] Here, the notice provides that the anticipated fiscal impact is "none." The accuracy of that statement is not in issue in this proceeding. The notice complies with the statute.

■ Schumacher was responsible for filing and distributing notices for proposed rules, new and revised, to all functional units. OAR 291-01-025(4).[3] His affidavit confirms that he mailed the rulemaking notice to EOCI in early February. It was EOCI's responsibility to assure that the information was disseminated within the institution. OAR 291-01-025(5).[4] Respondents concede that, although it was sent to the prison library, the notice was not furnished to, or published in, the

---

[2] ORS 183.335(2)(b)(D) provides:

"The agency shall include with the notice of intended action given under subsection (1) of this section:

"* * * * *

"(D) A statement of fiscal impact identifying state agencies, units of local government and the public which may be economically affected by the adoption, amendment or repeal of the rule and an estimate of that economic impact on state agencies, units of local government and the public. In considering the economic effect of the proposed action on the public, the agency shall utilize available information to project any significant economic effect of that action on businesses which shall include a cost of compliance effect on small businesses affected."

[3] OAR 291-01-025(4) provides:

"The Rules Coordinator shall ensure that 'Notice of Intent' are properly filed and distributed to all functional units or any other interested parties who request to be notified in writing. The Rules Coordinator shall establish and maintain a mailing list for this purpose pursuant to ORS 183.335(7)."

[4] OAR 291-01-025(5) provides:

"Each functional unit manager, upon receipt of a 'Notice of Intent' shall assure dissemination of the 'Notice of Intent' within the functional unit. For inmates in institutions, copies shall be sent to the institution library and the institution newsletter for publication."

inmate newsletter.[5] Respondents argue that that does not invalidate the rules, because there was substantial compliance with the notice requirements. ORS 183.335(10)(a). They contend that failure to comply with one part of the notice requirement in one institution in the corrections system was insignificant and did not prejudice petitioner or anyone. ORS 183.335(11). We agree.

Although dissemination of the notice was technically deficient, copies were sent to other institutions and were also available in the EOCI library, as well as in rule manuals in other locations in the facility. At a March 29, 1989, hearing on the proposed rules, two inmates expressed their views about them. They challenged the department's and the superintendent's statutory authority to impose fines, arguing that the fines would be a confiscation of inmates' property in violation of their due process rights. Those are essentially the same arguments that petitioner now asserts in various ways. We conclude that petitioner has not established that he was prejudiced by respondents' failure to comply fully with the publication element of the notice requirement.

■ The next question is whether the agency exceeded its statutory authority in adopting the rules. We "need only determine whether the rule is within the range of discretion allowed by the general policy" of the Department of Corrections statutes. *Planned Parenthood Assn v. Dept. of Human Res., supra,* 297 Or at 574. Petitioner argues that the department and the director exceeded their authority, because neither ORS 423.020 nor ORS 423.075, cited in the proposed rules, specifically authorizes imposing and collecting fines as disciplinary sanctions.

Petitioner is incorrect. The functions, duties and powers enumerated in ORS 423.020 are not exclusive, nor are they intended to limit the powers and authority of the department. ORS 423.030. Furthermore, ORS 423.075(5)(d) allows

---

[5] Schumacher's affidavit recites:

"I have no personal knowledge of the procedure followed in this case, but Sharon Jackson [executive assistant to the superintendent of EOCI] has informed me that at the time the notice was received a copy was placed in the prison library. Due to staff shortages existing at the time, additional distribution [to every facility in which a rules manual was kept] was delayed until March, and the notice was not published in the EOCI inmate newsletter."

the director of the Department of Corrections to "adopt rules for the government and administration of the department." The only statutory limitations on sanctions for rule violations are that they be "appropriate" and not "inflict any cruel or unusual punishment." ORS 421.105(1).[6] We conclude that the "general policy" of the statutory framework permits the imposition of fines as disciplinary sanctions.

■       Petitioner seems to treat the limitations in ORS 421.105(1) as co-extensive with constitutional prohibitions in Article I, section 16, of the Oregon Constitution and the Eighth Amendment against "excessive" fines and cruel and unusual punishments. He argues that the permitted fines are excessive and constitute cruel and unusual punishment when considered in the light of the insufficient number of jobs available and the small wages that prisoners can earn. Petitioner also objects that prisoners have no "access to the courts in any way to ascertain the legality of the sanction, or to ascertain the inmates' ability to pay 'fines'."

Respondents contend that petitioner's objections are more accurately characterized as due process challenges. They argue that inmates receive ample due process, protecting them against arbitrary deprivation of their property, because Department of Correction rules provide for notice and a meaningful opportunity to be heard. We conclude that that contention goes beyond what needs to be said to resolve this case.

Although ORS 183.400(4) requires that we declare a rule invalid if the rule violates constitutional provisions, our review is limited to an examination of:

"(a)   The rule under review;

"(b)   The statutory provisions authorizing the rule; and

"(c)   Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures." ORS 183.400(3).

---

[6] ORS 421.105(1) provides:

"The superintendent may enforce obedience to the rules for the government of the inmates in the institution under the supervision of the superintendent by appropriate punishment but neither the superintendent nor any other prison official or employee may strike or inflict physical violence except in self-defense, or inflict any cruel or unusual punishment."

Petitioner makes several factual assertions about the possible impacts of the rules. None of those facts is within the scope of our review in this proceeding. Without its factual foundation, the constitutional challenge is wholly abstract. For us to respond to it could result in nothing more than an advisory opinion, and we cannot and will not do that.

Rules held valid.

**GRABER, P. J.** pro tempore, specially concurring.

I agree with the majority's result and with all of its reasoning, except for the treatment of petitioner's last argument. I write separately only to address that point.

One of petitioner's claims is that OAR 291-05-036 exceeds the department's statutory authority under ORS 423.020 and ORS 423.075, because the rule permits a fine to be levied "without [providing] acces[s] to the courts" to test the legality of the fine or the inmate's ability to pay it. As to that narrow claim, we need not look beyond the rule and the statutes authorizing it. ORS 183.400(3). I agree with respondents that that argument amounts to a due process claim, as well as a claim that the rule conflicts with the authorizing statutes, and that the claim is unpersuasive. Accordingly, the rule is valid.

I concur.