Submitted on record and briefs October 1, OAR 291-124-085(5)(b) held invalid; rules otherwise held valid December 26, 1990

## ARLEN PORTER SMITH,
Leslie A. Whaley, Randell W. Brown,
Francis T. Rothauge, Donald Sager and
Ernest L. Smith,
*Petitioners,*

*v.*

## DEPARTMENT OF CORRECTIONS,
*Respondent.*

(CA A64001)

804 P2d 482

Arlen Porter Smith, Leslie A. Whaley, Randell W. Brown, Francis T. Rothauge, Donald Sager and Ernest L. Smith, Salem, filed the brief for petitioners.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jas Adams, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioners seek judicial review of the validity of Department of Corrections administrative rules relating to inmate medical services. They assert that the rules were not properly adopted and that they exceed the agency's statutory authority. ORS 183.400(4).[1]

■    Petitioners first argue that department failed to give proper notice of intent to adopt the rules. ORS 183.325(2)(a) requires that notice of intent to adopt a rule shall

"[s]tate the subject matter and purpose of the intended action in sufficient detail to inform a person that the person's interests may be affected * * *."

The notice here reads:

"The rule is being adopted in order to specify the levels of health care services to be provided inmates under the custody of the Department of Corrections. Under 291-124-085, a decision to charge or indebt an inmate account shall be treated as an order in a contested case for the purposes of ORS Chapter 183."

Petitioners contend that the notice was not sufficiently specific, because it failed to alert interested persons that the proposed rules allow department to charge the trust accounts of indigent inmates for necessary prosthetic devices and allow inmates with the ability to pay to utilize the services of outside health care providers. We conclude that interested persons were adequately advised by the notice. There is no requirement that the specific impact of all aspects of a rule be included in the notice.

Petitioners also argue that department failed to include a financial impact statement in the notice, as required by ORS 183.335(2)(b)(D). However, the notice does include such a statement. It states that the anticipated fiscal impact is "none." The accuracy of that statement is not in issue in this

---

[1] ORS 183.400(4) provides:

"The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

proceeding. *See Clark v. Schumacher,* 103 Or App 1, 4, 795 P2d 1093 (1990).

■     Petitioners contend that the rules exceed the agency's statutory authority.[2] First, they argue that OAR 291-124-050 is in conflict with the requirement of ORS 423.021(1)(d) that the department provide "adequate" health care to inmates. The rule provides that medical or dental treatment of inmates is limited to medically necessary interventions that correct pathological or functional defects. Petitioners assert that the rule limits treatment to conditions that may be cured and that treatment for diseases that cannot be cured are not authorized. We disagree. The rule allows medical treatment for correction of a "pathological process" or "functional deficit." That authorizes treatment, not just for diseases that can be cured, but for conditions and symptoms that may be corrected by medical treatment without necessarily curing the underlying disease. The rule is not inconsistent with the statute.

■     Petitioners also argue, relying on ORS 179.750,[3] that the rules are unlawfully discriminatory, because they allow inmates with funds to obtain medical care in the general community. However, under the rules, medically necessary care is available to all inmates, regardless of ability to pay. OAR 291-124-050(1); OAR 291-124-085(2)(d). The fact that inmates with ability to pay may obtain additional care in the community does not make the rules impermissibly discriminatory.[4]

■     Petitioners also argue that the rules are unlawfully discriminatory, because they require medically disabled inmates to pay for necessary prosthetic devices when non-

---

[2] Although petitioners state that they are challenging all of the rules included in department's notice of rulemaking of June 20, 1989, their arguments concern only two rules: OAR 291-124-050 and OAR 291-124-85.

[3] ORS 179.750(1) provides:

"No discrimination shall be made in the admission, accommodation, care, education or treatment of any person in a state institution because the person does or does not contribute to the cost of the care."

[4] Petitioners also argue that the rules are in conflict with ORS 659.400 through ORS 659.430, 29 USC § 706(7)(B) and 29 USC § 794. Those arguments are without merit.

disabled inmates do not have to pay for such devices. However, it is hardly discriminatory that inmates who need such services must pay for them and those who do not need them need not pay.

■ Petitioners next contend that the rules are beyond the department's authority, because the act of debiting an inmate's account is inconsistent with ORS 421.125(2)(c),[5] which authorizes the department to assess fees to inmates "when the inmate has moneys to pay." However, medical fees can be *collected* from inmates only if they have money in their accounts to pay. If there is no money in an inmate's account, the account can only be debited; money can only be recovered when and if funds come into the account. We reject the idea that the time of assessment of a fee is critical. The rule is not inconsistent with the statute.

■ Finally, petitioners challenge the validity of OAR 291-124-085(5)(b):

"* * * * *

"A decision under this section to charge or indebt an inmate's account shall be treated as an order in a contested case for purposes of ORS Chapter 183."

They argue that that provision conflicts with ORS 183.315(5):

"The provisions of ORS 183.415 to 183.430, 183.440 to 183.460, 183.470 to 183.485 and 183.490 to 183.500 do not apply to orders issued to persons who have been committed pursuant to ORS 137.124 to the custody of the Department of Corrections."

Petitioners assert that, by providing that a decision "to charge or indebt" is to be treated as a contested case, department has attempted to subject such a decision to judicial review, although judicial review of an order issued to an inmate is precluded under ORS 183.315(5). Department may grant inmates greater procedural rights within the institutions than is required by statute. However, it cannot grant by rule a right to judicial review not authorized by statute.

---

[5] ORS 421.125(2)(c) provides that the Department of Corrections shall adopt rules to:

"(c) Assess fees to the inmate for self-improvement programs, services and assistance provided by the department when the inmate has moneys to pay for such programs, services and assistance[.]"

Department's rule may have been intended only to grant procedural rights within the agency. However, the language of the rule is not so limited. Accordingly, it is beyond the agency's statutory authority and is invalid.

OAR 291-124-085(5)(b) held invalid; rules otherwise held valid.