Submitted on record and briefs August 20, 1990, remanded for reconsideration
June 5, 1991

## STEVEN DUANE HEIDE,
*Petitioner,*

*v.*

## OREGON STATE
## CORRECTIONAL INSTITUTION,
*Respondent.*

(11-79F, 11-80F; CA A63049)

812 P2d 35

Steven Duane Heide, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Newman, J., dissenting.

## RICHARDSON, P. J.

■ Petitioner seeks review of a final order of the Superintendent of the Oregon State Correctional Institution imposing sanctions for violation of a disciplinary rule prohibiting "possession, manufacture or use of dangerous contraband."

Petitioner argues that his plea of guilty to the violation was not knowingly made, because the "Notice of Inmates Rights" that he was given incorrectly advised him as to the penalty involved. The written form of notice advised petitioner that the maximum fine for the offense was $100. He pleaded guilty and, in addition to three month's segregation, was assessed a $200 fine. The state agrees that the notice was wrong, because the superintendent had authority at that time to impose a maximum fine of $200. *See Clark v. Schumacher,* 103 Or App 1, 795 P2d 1093 (1990).

Petitioner seems to contend that he would not have admitted the violation and would have put on a defense had he known that the fine could be as much as $200. The notice advised him of a number of sanctions that could be imposed for the violation in addition to a fine. In the light of the other more extensive sanctions available, the $100 difference in the amount that could actually be imposed is minor and is unlikely to have influenced petitioner's plea of guilty. We decline to set aside the plea on constitutional grounds.

■ ORS 183.482(7) is applicable in our review of this proceeding, ORS 421.195, and allows a remand for further agency action if we find

> "that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

OAR 291-105-005(3) states the policy of the Department of Corrections to ensure that inmates understand how misconduct reports will be processed and what sanctions can legitimately be imposed. The Department did not follow the prescribed procedure by giving petitioner accurate notice of what sanctions could legitimately be imposed. To advise an inmate incorrectly that the maximum fine is $100 and then to impose one for $200 impairs the fairness of the sanctioning

part of the proceedings. We remand so that the superintendent may reconsider the sanction imposed so that it comports with the advice in the notice.

Petitioner also argues that the Department of Corrections does not have authority to impose fines. He is wrong.

Remanded for reconsideration.

**NEWMAN, J.,** dissenting.

The issue is not whether petitioner would or would not have admitted a violation if he had known that the maximum fine was $200 rather than $100. To advise an inmate inaccurately that the maximum fine is $100 and then to impose a $200 fine is a material error and does not merely, as the majority concedes, impair the fairness of the portion of the proceeding regarding sanctions. It also affects the fairness of the portion in which petitioner pleaded guilty. The superintendent's order and petitioner's plea should both be set aside and the matter remanded for further proceedings.