979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Asmar Habeeb-Ullah SALEEM, aka Clarence Ex Jones, Plaintiff-Appellant,
v.
Manfred MAASS, Superintendent; Nicholas Armenakis,
Assistant Superintendent, security manager of the Oregon
State Penitentiary, in his individual/personal & official
capacity; Tony Santos, Disciplinary Chairman Adjudicator,
in his individual/personal & official capacity, et al.
Defendants-Appellees.
 No. 92-35287.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 12, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Asmar H. Saleem, aka Clarence Ex Jones, an Oregon State prisoner, appeals pro se the district court's dismissal of his civil rights action against Manfred Maass, the Superintendent of the Oregon State Penitentiary, and various other prison officials. Saleem alleged prison officials violated his right to due process by imposing a $200 fine against him for assaulting a corrections officer. Saleem contends that the district court erred by denying his motion for partial summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo, see Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied 496 U.S. 937 (1990), and affirm.
 
 
 3
 The director of the Department of Corrections is authorized to adopt rules for the government and administration of the department, including rules regarding punishment of prisoners for rules violations. See Or.Rev.Stat. §§ 421.125(2)(e), 423.075(5)(d), 421.105(1), 423.020. The Oregon Administrative Regulations, adopted pursuant to Oregon law, specify that a prison Disciplinary Committee or a Hearings Officer may impose a fine not to exceed $200 on an inmate once that inmate is found to have violated a prison regulation. See Or.Admin.R. 291-105-051(13). The Oregon Supreme Court found that the Oregon statutory framework permits the imposition of such fines as disciplinary sanctions. Clark v. Schumacher, 103 Or.App. 1 (1990).
 
 
 4
 Here, Saleem contends that prison officials violated due process by assessing a $200 fine against him because the administrative regulation authorizing prison officials to fine inmates, Or.Admin.R. 291-105-051(13), is inconsistent with Or.Rev.Stat. § 421.125(2)(e). Saleem also contends that the Oregon Supreme Court decision in Clark v. Schumacher was a "clearly erroneous decision" in light of Or.Rev.Stat. § 421.125(2)(e).
 
 
 5
 Section 421.125(2)(e) authorizes prison officials to assess an inmate for "damages or destruction caused by willful misconduct or the inmate." Regulation 291-105-051(13) authorizes fines as a sanction for disciplinary violations. Thus, there is no inconsistency between the statute and the rule because one deals with compensation for damage caused by inmates and one deals with disciplinary sanctions. See Or.Rev.Stat. §§ 421.125(2)(e), 423.075(5)(d), 421.105(1), 423.020; Or.Admin.R. 291-105-051(13); Clark, 103 Or.App. 1. Further, the Oregon Supreme Court found the disciplinary fines were properly authorized by the statutes, and this court does not review state court decisions. See MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987).
 
 
 6
 Saleem further contends that prison officials violated due process by fining him because he has a property interest in his funds. The funds in a prisoner's account are a protected property interest. See Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir.1984). As such, prison authorities must observe due process before they can forfeit funds in an inmate's account. Id. Here, Saleem was given a misconduct report, notified that a hearing would be held, and subsequently found guilty of assaulting a prison guard. Thus, the disciplinary action complied with due process. See Wolff v. McDonnell, 418 U.S. 539, 563-572 (1974) (due process requires that inmates be given notice of charges and an opportunity to present a defense before disciplinary measures are imposed).
 
 
 7
 Accordingly, we affirm the district court's dismissal of Saleem's action.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Saleem moved for partial summary judgment on the issue of whether the fine violated due process. Saleem abandoned all other claims. The district court denied Saleem's motion for partial summary judgment on January 8, 1992. Subsequently, the district court dismissed the action for lack of prosecution and entered judgment on January 30, 1992. Saleem filed a motion to alter or amend the judgment on February 5. The district court granted Saleem's motion to the extent of vacating its order dismissing the action for lack of prosecution and clarifying that the January 8th order dismissed the action. Saleem timely appealed. Although ordinarily an order denying summary judgment is not a final appealable order, see Pacific Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1306 (1977), here, the district court clarified that this order disposed of the action. Further, because Saleem's motion to alter or amend was a timely Rule 59(e) motion, we have jurisdiction to review the underlying judgment