Argued and submitted March 31, 2015, OAR 291-105-0005(3)(d), OAR 291-105-0010(29), and OAR 291-105-0015(4)(n) held valid August 3, 2016

BRIAN HESSEL
and Arlen Porter Smith,
*Petitioners,*

*v.*

DEPARTMENT OF CORRECTIONS,
*Respondent.*

Department of Corrections
A148471

380 P3d 1048

Harrison Latto argued the cause and filed the brief for petitioners.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

.

## ARMSTRONG, P. J.

In this rule challenge under ORS 183.400, petitioners, inmates at a Department of Corrections facility, seek review of three rules promulgated by the department: OAR 291-105-0005(3)(d), OAR 291-105-0010(29), and OAR 291-105-0015(4)(n).[1] Specifically, petitioners contend that (1) the department exceeded its authority in adopting OAR 291-105-0005(3)(d), which provides for the retroactive application of a separate rule, because the department lacks authority to "adopt a rule that is applied retroactively"; (2) OAR 291-105-0010(29), which defines "order" for purposes of department rules governing inmate discipline, exceeds the department's rulemaking authority and is "void for vagueness"; and (3) the department's interpretation of OAR 291-105-0015(4)(n) is "overly broad and unconstitutionally vague, and exceeds its authority." We conclude, for the reasons expressed below, that the rules are valid.

We may declare a rule invalid only if we determine that, in adopting it, the agency violated the constitution, exceeded the agency's statutory authority, or did not comply with applicable rulemaking procedures. ORS 183.400(4).[2] Our consideration is limited to an examination of the rule itself, the statutory provisions authorizing the rule, and documents necessary to ascertain compliance with rulemaking procedures. ORS 183.400(3); *Wolf v. Oregon Lottery Commission*, 344 Or 345, 355, 182 P3d 180 (2008). In determining whether a challenged rule exceeds the agency's statutory authority, we "consider whether the agency's adoption of the rule exceeded the authority granted by statute and, further, whether the agency 'departed from a legal standard expressed or implied in the particular law being administered, or contravened some other applicable statute.'" *Assn. of Acupuncture v. Bd. of Chiropractic Examiners*, 260 Or App 676, 678, 320 P3d 575, 576 (2014) (quoting *Planned*

---

[1] The rule identified as OAR 291-105-0015(4)(n) was numbered OAR 291-105-0015(4)(j) when petitioners initiated this rule challenge. It was renumbered during the pendency of these proceedings but not substantively changed. Accordingly, we refer to the renumbered rule in this opinion.

[2] The department's compliance with rulemaking procedures is not at issue in this case.

*Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 565, 687 P2d 785 (1984)).

The first rule that petitioners challenge is OAR 291-105-0005(3)(d), which provides:

> "The Department intends that the authorization in OAR 291-105-0100 to withdraw an order and direct the disciplinary hearing to be reopened applies retroactively to disciplinary orders issued on, before, or after the effective date of the rule."

OAR 291-105-0100, in turn, provides:

> "The Inspector General, Assistant Director for Operations or the Institutions Administrator may, in the interest of justice, vacate all or part of a final disciplinary order or withdraw the order and direct that a disciplinary hearing be reopened for consideration of new evidence."

Drawing on federal case law, petitioners assert that, because the legislature has not explicitly authorized the department to adopt rules that apply retroactively, the department exceeded its authority in adopting OAR 291-105-0005(3)(d), and, therefore, the rule is invalid. The department responds that federal law does not govern; that OAR 291-105-0005(3)(d) is consistent with state law because it clearly states the department's intention to apply OAR 291-105-0100 retroactively; and that, because OAR 291-105-0005(3)(d) is a procedural rule, it is valid even under federal administrative law principles.

We conclude that the rule is not invalid for the reason advanced by petitioners—*viz.*, that a retroactive rule necessarily exceeds an agency's rulemaking authority unless the legislature has expressly authorized the agency to promulgate retroactive rules.

As noted, petitioners urge us to adopt federal case law, in particular, *Bowen v. Georgetown University Hospital*, 488 US 204, 109 S Ct 468, 102 L Ed 2d 493 (1988), to hold that an Oregon agency may not adopt retroactive rules absent express legislative authorization. In *Bowen*, the Supreme Court stated:

> "Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be

construed to have retroactive effect unless their language requires this result. *By the same principle, a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms.* Even where some substantial justification for retroactive rulemaking is presented, courts should be reluctant to find such authority absent an express statutory grant."

488 US at 208-09 (internal citations omitted; emphasis added). Petitioners, however, do not explain why that principle should be applied here, beyond arguing that, in an earlier case—*Gooderham v. AFSD*, 64 Or App 104, 667 P2d 551 (1983)—we had looked to other authorities, including federal case law, for guidance in determining whether a rule's retroactivity clause was valid, "presumably because the Oregon Administrative Procedures Act parallels and is based on the federal [Administrative Procedure Act]."[3] To be clear, petitioners do not urge us to apply the *analysis* that we applied in *Gooderham*—that is, they do not contend that the retroactive rule here is "unreasonable" under *Gooderham*—rather, petitioners contend that we should look to more recent federal case law than that on which we relied in *Gooderham*—specifically, *Bowen*—and hold that the retroactive rule at issue here is invalid because the legislature has not expressly given the department the authority to promulgate retroactive rules.

We decline that invitation. Among other things, *Gooderham* is still valid precedent, notwithstanding that federal administrative law principles may have evolved since *Gooderham* was decided. In addition, the Oregon Supreme Court has held that administrative rules may be applied retroactively, without referring to the need for express authorization from the legislature to adopt such rules. For example, in *Delehant v. Board on Police Standards*, 317 Or 273, 855 P2d 1088 (1993), the board denied the petitioner's application for police certification, relying specifically on a rule

---

[3] In *Gooderham*, we applied the balancing test articulated in *Securities Comm'n v. Chenery Corp.*, 332 US 194, 203, 67 S Ct 1575, 91 L Ed 1995 (1947), to conclude that retroactive application of the rule at issue in that case was "unreasonable in its prejudice to petitioners." *Gooderham*, 64 Or App at 109.

that had been adopted while the petitioner's case was pending. The petitioner argued that the board erred in applying the "new" rule retroactively to his case. The Supreme Court disagreed, holding that "[r]etroactive application of a rule is not automatically impermissible," but depends on the "intent of the promulgating agency or legislature," and it was clear from the procedural history of the case that the board had intended the pertinent rule to apply retroactively. *Id.* at 278. Although the Supreme Court in *Delehant* was not directly confronted with the precise question whether the agency needed explicit statutory authority to adopt a rule that applied retroactively—necessarily implicit in its decision is that the agency did not.[4] *See also U.S. Bancorp v. Dept. of Rev.*, 337 Or 625, 637, 103 P3d 85 (2004), *cert den*, 546 US 813 (2005) ("As this court repeatedly has observed, retroactive application of a rule is not necessarily impermissible. Rather, in deciding whether to apply a rule retroactively, we must discern the intent of the promulgating agency." (Citations omitted.)).[5] Accordingly, we reject petitioners' challenge to OAR 291-105-0005(3)(d).

We turn to OAR 291-105-0010(29), which provides a definition of the term "order," as used in the department's disciplinary rules.[6] *See* OAR 291-105-0005(2) ("The purpose of this rule is to define the rules of conduct governing inmates and outline the procedures to be followed in processing disciplinary action(s)."). The challenged rule, OAR 291-105-0010(29), states:

---

[4] We also reject petitioners' suggestion that ORS 183.355(2), which provides that a rule is generally "effective upon filing" of the rule with the Secretary of State's office, "impliedly *prohibit*[s] retroactivity." (Emphasis added.)

[5] As the state points out, even if we were to apply the federal retroactivity principle announced in *Bowen*, it would not necessarily apply here, because OAR 291-105-0005(3)(d) is a "procedural" rule. *See, e.g., Handley v. Chapman*, 587 F3d 273, 283 (5th Cir 2009), *cert den*, 562 US 842 (2010) ("New procedural rules published by an agency may be made to apply to pending proceedings and also retroactively if injury or prejudice does not result therefrom." (Internal quotation marks omitted.)).

[6] For example, OAR 291-105-0015, entitled "Rules of Misconduct," provides that an inmate commits various degrees of "Disobedience of an Order" for failing to comply with a valid "order." OAR 291-105-0015(4)(a), (b), (c). Although petitioners assert that OAR 291-105-0010(29) "operates in conjunction with the provisions of OAR 291-105-0015," OAR 291-105-0010(29) is the only rule that petitioners have challenged in this assignment of error. We limit our discussion accordingly.

"Order: Any direction given to an inmate that directs or forbids the doing of some act over which the inmate has control. An order may be written, verbal or gestured communication (including all Department of Corrections functional unit rules and procedures; all federal, state and local laws; conditions of transitional leave; and court ordered terms and conditions)."

Petitioners contend that OAR 291-105-0010(29) "violates ORS 183.310, exceeds [the department's] rulemaking authority, and is void for vagueness."

We reject without discussion petitioners' contention that the rule violates ORS 183.310, which defines "order" for purposes of the Oregon Administrative Procedures Act. With regard to petitioners' argument that the rule exceeds the department's rulemaking authority, petitioners contend that "the statutory scheme creating [the department] and defining its powers does not contemplate [or] allow the department the authority to enforce 'all federal, state and local laws'" against prisoners in its custody; in petitioners' view, such an "all-inclusive rule is not authorized by the statute conferring upon [the department] limited authority to impose disciplinary punishments on the prisoners in its custody." The department responds that OAR 291-105-0010(29) is valid under its broad grant of authority from the legislature to adopt rules pertaining to inmate misconduct.

We agree with the department that the challenged rule—defining "order," for purposes of the department's rules of misconduct, to include "all federal, state and local laws"—does not exceed the department's statutory authority. We "'need only determine whether the rule is within the range of discretion allowed by the general policy' of the Department of Corrections statutes." *Clark v. Schumacher*, 103 Or App 1, 5, 795 P2d 1093 (1990) (quoting *Planned Parenthood Assn.*, 297 Or at 574). We conclude that the rule at issue here satisfies that standard.

Several statutes are relevant to the department's authority in this context. Under ORS 423.020(1)(a), the department is mandated to, among other things, "[s]upervise the management and administration of the Department of

Corrections institutions."[7] ORS 423.075(5)(d) provides that the department shall "[p]rovide for the safety of all prisoners in the custody of the department and may adopt rules for the government and administration of the department." ORS 421.180 requires the department to adopt, by rule, "procedures to be utilized in disciplining persons committed to the physical and legal custody of the department." And, ORS 421.105(1) provides, in part, that "[t]he superintendent may enforce obedience to the rules for the government of the inmates in the institution under the supervision of the superintendent by appropriate punishment."

In *Clark*, we considered a challenge to the authority of the department under those statutes to adopt a rule allowing for the imposition of fines for inmate misconduct. We rejected the challenge and upheld the rule, reasoning:

> "The functions, duties and powers enumerated in ORS 423.020 are not exclusive, nor are they intended to limit the powers and authority of the department. ORS 423.030. Furthermore, ORS 423.075(5)(d) allows the director of the [department] to 'adopt rules for the government and administration of the department.' The only statutory limitations on sanctions for rule violations are that they be 'appropriate' and not 'inflict any cruel or unusual punishment,' ORS 421.105(1). We conclude that the 'general policy' of the statutory framework permits the imposition of fines as disciplinary sanctions."

103 Or App at 5-6 (footnote omitted). For the same reason, we agree with the department that the general policy embodied in those statutes—which encompasses the duty to govern, manage, and administer prisons; to provide for the safety of prisoners; and to enforce the rules of conduct by appropriate punishment—allows the department to promulgate a rule, for purposes of inmate discipline, that defines the term "order" broadly to include "federal, state and local laws." As the Supreme Court emphasized in *AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 81-82, 843 P2d 409 (1992), "The statutory duty of the Department is clear: Provide a

---

[7] That list is not intended to be exclusive: ORS 423.030 provides that "[t]he enumeration of duties, functions and powers in ORS 423.020 is not exclusive nor intended as a limitation on the powers and authority vested in the Department of Corrections by other provisions of law."

secure and healthy environment inside prisons." *See also id.* at 82 (department's choice to adopt rules permitting warrantless searches of prison employees in certain circumstances "is reasonably related to the Department's specific statutory duty").

Notwithstanding that case law, petitioners contend that "the form and nature of the discipline that [the department] may * * * impose[] is narrow" and "does not contemplate [or] allow the department the authority to enforce 'all federal, state and local laws' against prisoners in its custody." Petitioners cite *Alexander v. OSP*, 99 Or App 659, 783 P2d 1034 (1989), for support. The issue in *Alexander* was whether the department's rules of conduct—at that time encompassed in OAR 291-105-005 *et seq.*—could be applied to the actions of a person while on escape status. *Id.* at 662. We concluded that they could not, because nothing in the rules expressed an intention to govern the conduct of inmates who were not subject to the department's active supervision. *Id.* at 663. Accordingly, *Alexander* is inapposite.

To the extent that petitioners also contend that the rule is unconstitutionally vague, we again disagree. Petitioners assert that the rule "provides no meaningful clarification to the inmate or hearings officer as to how the standard of conduct is to be construed and applied." However, "[v]agueness concerns typically arise when a statute contains terms that are so indeterminate or standardless that they leave questions about its application to the ad hoc judgments of judge, jury, or police." *State v. Rogers*, 352 Or 510, 528, 288 P3d 544 (2012). That is not the case here. Defining "order" to include "all federal, state and local laws" is not so indeterminate as to allow for ad hoc judgments; the phrase "all federal, state and local laws" is capable of precise identification as to what is included. We reject petitioners' challenge to OAR 291-105-0010(29).

Petitioners' final challenge is to OAR 291-105-0015(4)(n), which provides that "[a]n inmate commits Racketeering if he/she engages in illicit activity that is carried out for the purpose of personal or financial gain through acts of crime, extortion of money or advantage by threats of force." Petitioners contend that the department's

interpretation of the rule as it was applied to petitioner Hessel was "overly broad and unconstitutionally vague, and exceeds its authority." Such an "as applied" argument is not a proper basis for a rule challenge under ORS 183.400(1), and we therefore do not address it. *See AFSCME Local 2623*, 315 Or at 79 ("Numerous individual fact situations can arise under any rule, but judicial review of the rule as applied to each of those situations is reserved to other forums."); *Wilson v. Dept. of Corrections*, 259 Or App 554, 556, 314 P3d 994 (2013) (in reviewing the validity of a rule under ORS 183.400(1), "we are limited to consideration of the rule itself, statutory provisions authorizing the rule, and documents bearing on compliance with rulemaking procedures").

OAR 291-105-0005(3)(d), OAR 291-105-0010(29), and OAR 291-105-0015(4)(n) held valid.