Argued and submitted April 18, affirmed September 3, 1986

## CAPITAL INVESTMENTS, INC.,
*Appellant,*

*v.*

## LOFGREN,
*Respondent.*

## (A8405-03029; CA A36801)

724 P2d 862

Ben C. Fetherston, Jr., Portland, argued the cause for appellant. With him on the brief was Haugh & Foote, Portland.

Jacob Tanzer, Portland, argued the cause for respondent. With him on the brief were Jack L. Orchard and Ball, Janik & Novack, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

YOUNG, J.

This is an action to enforce a guaranty. The trial court granted defendant's motion for summary judgment, holding that a judgment in a prior action was res judicata and a bar to the present action. Plaintiff appeals, arguing that, because the prior action was brought prematurely, the resulting judgment does not act as a bar. We affirm, but on different grounds.

We set forth only the facts relevant to this appeal.[1] Plaintiff loaned $350,000 to Hoehnke Nursery Company in exchange for a promissory note signed by William Lofgren and defendant Jean Lofgren as officers of the company. At the same time, the Lofgrens executed a personal guaranty of the obligation. The parties inserted a provision for the benefit of defendant, providing that plaintiff "agrees to give Jean Lofgren 30 days notice before enforcing the provisions of this Guaranty."

In the summer of 1979, the nursery was in default for failure to make an interest payment. On September 12, 1979, plaintiff wrote three letters. It informed First State Bank, which held a mortgage on the nursery property, that the nursery was in default and that

"[u]nless the defaults of Hoehnke to Capital are cured on or before September 14, 1979, * * * legal proceeding will be commenced."

Plaintiff also wrote to defendant:

"[N]otice is hereby given that Capital Investments, Inc. intents [sic] to enforce the provisions under that Guarantee [sic] as called for under the letter forwarded to Mr. William E. Lofgren, as of this date, a copy of which is enclosed."

Enclosed was a copy of the third letter, written to Mr. Lofgren, which gave him notice of the default and stated:

"[W]e are therefore declaring the principal and interest outstanding immediately due and payable."

In March, 1980, plaintiff filed an action against the Lofgrens on the guaranty. The trial court ruled that plaintiff

---

[1] The facts appear in *First State Bank v. Hoehnke Nursery Co.*, 63 Or App 816, 667 P2d 1022, *rev den* 296 Or 56 (1983).

was not entitled to a judgment against defendant, because it had failed to give her the 30-day notice required by the guaranty. We affirmed that portion of the trial court's judgment. *First State Bank v. Hoehnke Nursery Co., supra* n 1, at 822 n 4. After the mandate issued and the final judgment was entered, plaintiff gave defendant 30 days' notice by a letter dated March 12, 1984, which stated:

> "Please consider this letter the 30 day notice that Capital Investments is required to give you before enforcing the provisions of the guaranty."

The present action was filed more than 30 days after defendant received the notice. The trial court granted defendant's motion for summary judgment on the ground that the action was barred by res judicata.

■ Under the doctrine of res judicata, a judgment on the merits is a final and conclusive determination of the parties' rights and a bar to a subsequent proceeding between them on the same cause of action as to all matters which were or could have been litigated. *Slate Const. Co. v. Pac. Gen. Con., Inc.*, 226 Or 145, 149, 359 P2d 530 (1961). However, res judicata does not bar a subsequent action when the prior judgment rested on plaintiff's failure to satisfy a condition precedent to bringing the action. *See Houston v. Briggs*, 246 Or 439, 447, 425 P2d 748 (1967); *Restatement (Second) Judgments*, § 20(2) (1982). In such a case, the doctrine of collateral estoppel (or, more precisely, "issue preclusion") may prevent relitigation of *issues* which were actually litigated and were essential to the prior judgment, *see Delassio v. Garcia*, 69 Or App 693, 698-99, 687 P2d 808 (1984); *Restatement (Second) Judgments*, § 27, *comment b* to § 20, but the *action* is not barred.

We agree with plaintiff that res judicata does not bar this action. The prior judgment rested on plaintiff's failure to satisfy two conditions precedent to enforcing the guaranty: giving defendant 30 days' notice *and* an opportunity to cure the default.[2] In addition to the trial court's language, *supra* n

---

[2] Plaintiff argues that the prior judgment was based solely on plaintiff's failure to give notice and that the trial court did not decide whether defendant was entitled to an opportunity to cure. We disagree. The trial court in the prior case explained why it was entering judgment in defendant's favor:

> "The agreement definitely requires 30 days notice. [Plaintiff] gave [defendant] 48 hours notice. This is certainly insufficient and therefore fails."

2, we stated:

> "The trial court found that Mrs. Lofgren had not been given the 30-day notice of intent to enforce the guaranty against her, which notice was required by the agreement, and refused the relief requested. We have reviewed the record and find no error." *First State Bank v. Hoehnke Nursery Co, supra,* 63 Or App at 822 n 4.

We could not have made it plainer that judgment in defendant's favor was proper, because plaintiff failed to fulfill conditions precedent. Thus, under res judicata principles, plaintiff is not prevented from bringing this action once the conditions have been satisfied. *Houston v. Briggs, supra.* It was error to grant summary judgment on res judicata grounds.

■■■■ Although the trial court was incorrect in the reason for its decision to grant defendant a summary judgment, we will affirm its action if there is another ground on which it would be proper. *See Mendelson v. State Farm Auto Ins.,* 278 Or 379, 385-86, 563 P2d 735 (1977). The holding in the previous case, that plaintiff had to give defendant an opportunity to cure the default before enforcing the guaranty, is binding in this case under the rules of collateral estoppel. *See* n 2, *supra.* Plaintiff did not give defendant an opportunity to cure at the time of the first notice in September, 1979. By the time of the second notice in March, 1984, it was impossible for defendant to cure; the nursery was no longer in existence, in significant part as a result of events which plaintiff precipitated. Plaintiff failed to comply strictly with the terms of the guaranty; it may not now enforce it. *See Marshall-Wells Co. v.*

---

It was undisputed that plaintiff did not file the foreclosure action until March, six months after defendant had received notice. The only possible source of the court's reference to "48 hours" is the letter to the bank giving 48 hours to cure. Thus, the trial court necessarily held that defendant's notice rights encompassed a right to cure and that plaintiff failed to satisfy those conditions precedent to enforcing the guaranty.

Our conclusion is bolstered by the parties' briefs to this court on appeal from the first action. Plaintiff argued there that defendant received proper notice, because "[plaintiff] did not file any foreclosure proceedings until March the following year, six months after the notice to [defendant]." Defendant did not dispute plaintiff's version of the facts. She instead argued that the relevant question was not whether the action was instituted within 30 days, but instead whether she was given 30 days to cure the default. We affirmed the trial court. Thus, the judgment in the prior case was based on plaintiff's failure to satisfy *two* conditions precedent, and plaintiff is "directly" estopped from relitigating that issue. *See State Farm Fire & Cas. v. Reuter,* 299 Or 155, 158, 700 P2d 236 (1985).

*Tenney et al,* 118 Or 373, 244 P 84 (1926); *see also Restatement (Second) Judgments, § 20(2) and comment m* thereto.[3]

Affirmed.

---

[3] *Comment m* states:

"As a matter of substantive law, however, the failure of the plaintiff to establish the existence of the condition precedent in the original action may fix the relationship of the parties so that it is no longer open to him to satisfy that condition. For example, failure of one party to render substantial performance under a contract at the time of suit against the other party for nonpayment may free the other party of any obligation on the contract * * *."