Argued and submitted October 13, affirmed November 12, 1986

In the Matter of the Revocation of
the Driver's License Under the
Habitual Offenders Act of
Gary Dean Livengood, Petitioner,

LIVENGOOD,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(DMV No. 851031 1448; CA A40090)

728 P2d 84

William N. Kent, Eugene, argued the cause and filed the brief for petitioner.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Petitioner seeks review of a final order of the Motor Vehicles Division (MVD) finding him to be an habitual offender and revoking his driver's license. *Former* ORS 484.727.[1] The issue is whether a prior MVD order should be given *res judicata* effect. We hold that the prior order is not a bar to the present proceeding and affirm.

There have been two hearings to determine whether petitioner's driving privileges should be revoked. The hearings followed MVD's determination from petitioner's driving record that he is an habitual offender as defined by *former* ORS 484.705 (now ORS 809.600).[2] The first hearing was held on May 22, 1985. On September 10, 1985, a hearings officer ordered that MVD is not entitled to revoke petitioner's driver's license, because MVD failed to show that the "Notice of Intent to Revoke" was sent by certified mail as required by statute. On October 17, 1985, MVD issued another notice. Petitioner requested a hearing and moved to dismiss:

> "I move to dismiss this hearing based upon res judicata; that is, there's been a prior determination that my client is not an habitual traffic offender."

By order dated March 17, 1986, the hearings officer denied the motion, because "[t]he prior decision * * * did not make or require a determination as to whether or not the Petitioner was a Habitual Traffic Offender", but "responded only to a procedural requirement of the Division." The hearings officer ordered MVD to revoke petitioner's license for five years. Petitioner seeks review of the order.

We have acknowledged that, in certain circumstances, *res judicata* principles apply to administrative proceedings. *Oregon City Fed. of Teachers v. OCEA,* 36 Or App 27, 35-36, 584 P2d 303 (1978). In *Capital Investments v. Lofgren,* 81 Or App 93, 96, 724 P2d 862 (1986), we explained:

> "Under the doctrine of res judicata, a judgment on the merits is a final and conclusive determination of the parties'

---

[1] *Former* ORS 484.727 was repealed by Or Laws 1985, ch 16, § 475 and replaced by Or Laws 1983, ch 338, § 367, *as amended by* Or Laws 1985, ch 16, § 187 (now ORS 809.640).

[2] Petitioner had two convictions for driving while under the influence of intoxicants and one conviction for driving while suspended.

rights and a bar to a subsequent proceeding between them on the same cause of action as to all matters which were or could have been litigated. *Slate Const. Co. v. Pac. Gen. Con., Inc.,* 226 Or 145, 149, 359 P2d 530 (1961). However, res judicata does not bar a subsequent action when the prior judgment rested on plaintiff's failure to satisfy a condition precedent to bringing the action. *See Houston v. Briggs,* 246 Or 439, 447, 425 P2d 748 (1967); *Restatement (Second) Judgments,* § 20(2) (1982)."

*Capital Investments* held that *res judicata* did not bar the action, because the prior judgment rested on the plaintiff's failure to give the defendant notice and an opportunity to cure a default.

Here, the first order rested on MVD's failure to give petitioner the notice required by statute. The notice requirement is analogous to a condition precedent to bringing an action, because an attempt by MVD to revoke a license without giving proper notice is ineffective. *See State v. Benner,* 81 Or App 613, 726 P2d 1209 (1986). MVD satisfied that "condition precedent" by reissuing a proper notice. The hearings officer correctly held that *res judicata* did not bar the second hearing and order.

Affirmed.