Argued and submitted May 18, appeal dismissed August 1, 1990

Steven B. LORD,
*Respondent,*
*and*

Daniel E. BEESON,
*Plaintiff,*

*v.*

Burl R. PETTIBON,
*Appellant.*

Burl R. PETTIBON,
*Appellant,*

*v.*

Steven B. LORD,
*Respondent,*
*and*

Daniel E. BEESON,
*Defendant.*

(83-6-27, 85-11-312; CA A42199)

795 P2d 607

Craig D. White, Portland, argued the cause and filed the briefs for appellant.

J. Patrick O'Malley, Portland, argued the cause for respondent. On the brief were Frank M. Parisi and Spears, Lubersky, Campbell, Bledsoe, Anderson, & Young, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Thankfully, we do not have to recite all of the convoluted procedural history of this case, because we grant respondent Lord's motion to dismiss the appeal.[1]

Pettibon appeals from a judgment in an action for an accounting of a partnership composed of Lord, Beeson and Pettibon. In the trial court, Lord and Pettibon stipulated to a settlement, under which Pettibon sold his interest in the partnership to Lord. Before judgment was entered, Pettibon disputed a term of the settlement providing that he would indemnify Lord for damages that might be awarded to Beeson and refused to execute relevant documents. The trial court held a hearing and ordered Pettibon to execute the documents, which he did. A judgment was entered disposing of all claims as to all parties. Pettibon appealed from the judgment, naming Lord and Beeson as respondents. The appeal was later dismissed as to Beeson, and he is no longer involved. Among the documents that the parties signed to effectuate the settlement were a deed from Pettibon to Lord and a promissory note in the face amount of $38,040.80 from Lord to Pettibon, secured by a real property mortgage. Pettibon contends that an indemnity clause was not part of the stipulation. He does not dispute the other provisions of the settlement.

Lord moved to dismiss the appeal on the ground that Pettibon had accepted the benefits of the consideration that he received from Lord in the settlement. After judgment was entered in this case, Pettibon assigned the promissory note given to him by Lord to the Justicia Trust. Pettibon is the trustee. The trust then filed an action for collection of the note and foreclosure of the mortgage.

Pettibon argues that acceptance of the benefits of a judgment or settlement sufficient to be considered a waiver of appeal must be voluntary. He contends that he was forced by the court to execute the written settlement and related documents and that his appeal of the forced settlement is not inconsistent with that execution. However, whether he willingly acceded to the settlement is not material in deciding

---

[1] The case was stayed at the request of the parties pending settlement negotiations of this and several other cases involving the parties. The stay was lifted on motion of appellant after protracted, but not wholly successful, negotiations.

whether he voluntarily accepted the resultant benefits. The general rule was stated in *Moore v. Floyd,* 4 Or 260, 261 (1872):

> "The right to proceed on the judgment and enjoy its fruits, and the right of appeal, are not concurrent; on the contrary, they are totally inconsistent. An election to take one of these courses was, therefore, a renunciation of the other."

*See also Nickerson and Nickerson,* 296 Or 516, 678 P2d 730 (1984); *Zerkel v. Lindsey,* 270 Or 517, 528 P2d 1041 (1974); *Isenhart v. Isenhart,* 207 Or 365, 296 P2d 927 (1956); *Cottrell et ux. v. Prier et ux.,* 191 Or 571, 231 P2d 788 (1951).

This case is similar to *Cottrell et ux. v. Prier et ux., supra.* In a suit for specific performance of a land sale contract, the court ordered that the defendants deliver a deed to the plaintiff and that the plaintiff simultaneously pay the balance due on the contract. The defendants delivered the deed and accepted the money and then filed a notice of appeal. The court dismissed the appeal, because the defendants had elected to deliver the deed and accept the payment rather than avail themselves of statutory procedures to stay enforcement of the decree. The court held that, in view of the course that was open to them under the statute, their action in completing the transaction and receiving the money was not coerced.

Even if Pettibon's acceptance of the settlement was "coerced" by the court, he did not utilize available statutory procedures to stay enforcement of the judgment pending appeal. He not only accepted the promissory note and mortgage, but assigned them and, as trustee, began enforcement proceedings. Under those circumstances, the course that he took was not coerced. The parts of the settlement are not severable. Pettibon received the note as consideration for his performance of the agreement, and his enforcement of the judgment is inconsistent with his challenge to it on appeal.

Appeal dismissed.