On respondent's petition for attorney fees filed August 23, 1990, petition denied
May 1, 1991

Steven G. LORD,
*Respondent,*
*and*

Daniel E. BEESON,
*Plaintiff,*

*v.*

Burl R. PETTIBON,
*Appellant.*

Burl R. PETTIBON,
*Appellant,*

*v.*

Steven G. LORD,
*Respondent,*
*and*

Daniel E. BEESON,
*Defendant.*

(83-6-27 and 85-11312; CA A42199)

810 P2d 863

J. Patrick O'Malley and Delo & O'Malley, Portland, for petition.

Craig D. White, Portland, filed an objection for appellant.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

After our opinion dismissing this appeal, 102 Or App 607, 795 P2d 607 (1990), respondent Lord petitioned for attorney fees under ORS 20.105. He contends that the appeal was without merit and was pursued in bad faith. We deny the petition.

Our opinion recited some of the procedural history leading to our decision to dismiss the appeal. We concluded that Pettibon had waived his right to appeal, because he had commenced an action to collect a note given to satisfy partially the settlement that he was challenging. Respondent Lord argues that the law is clear that a party who elects to accept the benefits of a judgment cannot appeal it. He raised that issue in his responding brief and in a motion to dismiss the appeal. He contends that Pettibon's persistence in pursuing the appeal after attempting to collect the note given him as part of the judgment "is a clear example of the bad faith required to support an award of attorneys' fees under ORS 20.105."

Pettibon argued on the appeal that, because the settlement was coerced, his acceptance of part of the judgment by efforts to collect on the note was not voluntary. He also argued that collection of the note was not inconsistent with the issues that he raised on appeal and so he had not waived his right to appeal.

In *Mattiza v. Foster,* 311 Or 1, 803 P2d 723 (1990), the court said:

> "An award of attorney fees under ORS 20.105(1) is appropriate when the court has made the following findings: (1) the party to whom attorney fees are to be awarded is a prevailing party; (2) the claim, defense, or ground for appeal or review is without merit; and (3) the party taking the meritless position has done so with an improper purpose." 311 Or at 10.

There is no question but that Lord prevailed on appeal. The next inquiry is whether the appeal was meritless. On that issue, the court said in *Mattiza:*

> "A meritless position is one that the court determines is entirely devoid of factual or legal support." 311 Or at 8.

The petition for attorney fees is not based on the merits of the appeal or on any issue raised by Pettibon, but on his continuation of the appeal after having received the proceeds of the judgment. The question, for purposes of ORS 20.105(1), is whether Pettibon's decision to continue the appeal was "entirely devoid of factual or legal support." There was arguable merit to Pettibon's position regarding whether he had waived his right to appeal. We cannot say that his contentions regarding Lord's motion to dismiss were entirely "devoid of factual or legal support."

Petition denied.