Argued and submitted April 22, appeal dismissed June 10, 1992

## CITY OF PORTLAND,
*Appellant,*

*v.*

## ONE 1973 CHEVROLET CORVETTE CONVERTIBLE L82, OR LIC 3TT3V
and Hitachi Portable Telephone,
*Defendants in Rem,*

*and*

Noe Tovar GONZALES,
*Respondent.*

(90-C-712825; CA A70609)

833 P2d 1285

Amy Holmes Hehn, Deputy District Attorney, Portland, argued the cause for appellant. With her on the brief was Multnomah County District Attorney's Office, Portland.

Constance Crooker, Portland, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

City of Portland (City) appeals from a judgment in favor of claimant in a civil forfeiture action. Or Laws 1989, ch 791.[1] Claimant contends that the appeal is moot.

City seized claimant's car and cellular telephone after he was arrested for possession of a controlled substance. After he received a notice of seizure for forfeiture, claimant filed a claim for the return of the property. The trial court held for claimant, ordered that the property be returned to him and awarded a judgment against City for claimant's attorney fees and costs.[2] City returned the car and telephone to claimant and paid the judgment.[3]

■ ■ A voluntary satisfaction of a judgment generally forecloses an appeal from the judgment by the satisfying party. *Washington v. Cleland*, 49 Or 12, 14, 88 P 305 (1907). Even if City is correct that it was required to return claimant's property, it did not use available statutory procedures to stay enforcement of the judgment for attorney fees pending appeal. Therefore, its payment of the judgment was voluntary. *See Lord v. Pettibon*, 102 Or App 607, 795 P2d 607 (1990). The appeal is moot.

Appeal dismissed.

---

[1] Oregon Laws 1989, chapter 791, sections 1 to 14 and 22, as amended by Oregon Laws 1991, chapters 218, 237, 276, 291, 800 and 924, provide that they will stand repealed on December 31, 1993. Those provisions have not been codified.

[2] Or Laws 1989, ch 791, § 9(6) (*since amended by* Or Laws 1991, ch 322, § 2) provides, in part:

"On entry of judgment for a claimant in any proceeding to forfeit property under this Act, unless the court has foreclosed one or more security interests or liens covering the property, such property or interest in property shall be returned or conveyed immediately to the claimant designated by the court:

"* * * * *

"(b) If the court finds that there was not reasonable suspicion to believe that the property was subject to forfeiture, then the court may order the forfeiting agency to pay the costs and disbursements, including attorney fees, of prevailing claimants and financial institutions."

[3] Claimant's counsel asserted that she filed the satisfaction of judgment. Although that document is not part of the record on appeal, City admitted at oral argument that the judgment had been paid.