In the Matter of the Compensation of
Kenneth G. Mize, Claimant.

SAIF CORPORATION
and Kenneth G. Mize, DMD,
*Petitioners,*

*v.*

Kenneth G. MIZE,
*Respondent.*

(92-00725; CA A79278)

879 P2d 907

Michael O. Whitty, Special Assistant Attorney General,
argued the cause for petitioners. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Jeff J. Carter argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

SAIF petitions for judicial review of a Board order holding that, under the "dual capacity doctrine," claimant was a subject worker at the time of his injury. We hold that SAIF is foreclosed from challenging compensability because it has accepted claimant's claim and therefore dismiss the petition as moot.

Claimant is a dentist who incorporated his practice in July, 1989, and became a corporate officer with 100 percent ownership. On December 5, 1991, he filed a claim for carpal tunnel syndrome. SAIF denied the claim. The referee set aside SAIF's denial on the basis that ORS 656.027(9), as amended by the legislature in 1990, resembled the statute we interpreted in *Erzen v. SAIF*, 40 Or App 771, 596 P2d 1004, *rev den* 287 Or 507 (1979). In that case, we held that a corporate officer who has not elected coverage may nonetheless receive benefits as a covered worker. On March 12, 1993, the Board affirmed the referee.

On March 25, 1993, SAIF sent claimant a "NOTICE OF ACCEPTANCE FOR A DISABLING INJURY" that stated, "Your workers' compensation claim has been accepted." The notice contained information about return to work assistance, amount and frequency of payment, and medical treatment. It informed claimant that SAIF had enrolled him in a managed care organization program and that SAIF was in the process of determining whether claimant's physician, Dr. Buza, was "credentialed" by that organization. The notice did not, in any way, specify that the acceptance was contingent on SAIF's right to appeal.

On April 9, 1993, SAIF petitioned for judicial review of the Board's order. On that same date, SAIF sent claimant a letter stating that its March 25 notice of acceptance "was made contingent upon our right to appeal in this case."

Claimant asserts that SAIF's petition for review should be dismissed, because SAIF accepted his claim on March 25, 1993. SAIF responds that it issued the acceptance notice "so that the claim could be processed" and that "it was not intended to be an acceptance that would terminate SAIF's right to appeal." SAIF does not argue that the notice of acceptance was not an acceptance or that it was issued by mistake.

■　　　SAIF contends, correctly, that whether a claim has been accepted is a question of fact. *SAIF v. Tull*, 113 Or App 449, 454, 832 P2d 1271 (1992). In this case, however, there is no question of fact because SAIF concedes, and the record confirms, that SAIF sent claimant a notice of "acceptance" on March 25, 1993. It did not in the subsequent letter, and does not here, contend that it did not "accept" the claim. Rather, it contends that its acceptance was contingent on its right to seek judicial review of the Board's order. The issue, therefore, is the legal effect of that acceptance with regard to SAIF's right to contest compensability of the claim.

■　　　We first address SAIF's argument that it was required by the Board's order to issue the acceptance so that it could process claimant's claim. SAIF cites no authority, and we find none, that *requires* an employer or insurer to issue a written acceptance of a claim after a Board order. To the contrary, where the employer or insurer seeks judicial review within 30 days, ORS 656.313(1)(a) "stays payment of compensation appealed," except for specified temporary and permanent disability benefits.[1] Acceptance of a claim is not required by statute or by rule to process that claim while the compensability issue is being litigated. SAIF's notice of acceptance, stating that it would provide claimant with medical services benefits as well as time loss benefits, was unnecessary, voluntary, and obligated it to provide a greater range of services to claimant than would have been required if the claim had not been accepted.

In *Tattoo v. Barrett Business Service*, 118 Or App 348, 351-52, 847 P2d 872 (1993), we held that employers are bound by the express language of their denials because, holding to the contrary, "an employer could change what it had expressly said in a denial to the detriment of all parties who have relied on the language." We can see no reason why that rule should not apply to an acceptance as well.

■　　　Here, the acceptance was clear and unqualified. SAIF waited until two weeks *after* the notice of acceptance to

---

[1] SAIF's contention that it was required to issue a notice of acceptance in order to process claimant's workers' compensation benefits is also weakened by ORS 656.262(9), which provides:

"Merely paying or providing compensation shall not be considered acceptance of a claim[.]"

inform claimant that its acceptance was contingent on SAIF"s right to appeal. Assuming, without deciding, that SAIF could legally issue an acceptance contingent on its right to appeal, the express language of SAIF"s acceptance in this case did not do so.[2] To allow an employer or insurer to unilaterally qualify its acceptance after the fact would be detrimental to any party that could have relied on the original acceptance and would undermine the policy objectives of ORS 656.012. Once an employer or insurer officially notifies a claimant that the claim has been accepted, it may not subsequently deny compensability without complying with ORS 656.262(6). *See Johnson v. Spectra Physics*, 303 Or 49, 54-55, 733 P2d 1367 (1987).

■      We next consider whether SAIF"s acceptance of the claim forecloses its right to challenge compensability. ORS 656.262(6) entitles claimants to written notice of claim acceptance or denial and specifies the information that must appear in a notice of acceptance. SAIF does not maintain that the notice it sent to claimant was something other than a notice of acceptance under the statute. Once it accepted claimant's claim, SAIF was no longer in a position adverse to claimant. It was obligated to provide benefits. *See* ORS 656.262(2). Furthermore, after receiving SAIF"s acceptance, claimant no longer had a reason to defend the compensability of his claim under the dual capacity doctrine. *His* right to benefits had been secured, rendering the controversy over compensability moot. To now address the merits of SAIF"s petition would be to issue an advisory opinion. Hence, the petition for judicial review must be dismissed.[3]

Petition dismissed.

---

[2] We emphasize that our decision does not consider whether an insurer or self-insured employer can properly issue an acceptance that is contingent on its appeal rights.

[3] This decision is consistent with the rule that voluntary satisfaction of a judgment generally forecloses an appeal from the judgment by the satisfying party. *See City of Portland v. One 1973 Chevrolet Corvette*, 113 Or App 469, 470, 833 P2d 1285 (1992). Like the City of Portland in that case, SAIF's failure to use available statutory procedures pending review rendered its conduct voluntary.