Argued and submitted December 16, 1996, reversed and remanded for reconsideration July 2, 1997

In the Matter of the Compensation of
Larry L. Ledin, Claimant.
SAIF CORPORATION
and Leo Carignan,
*Petitioners,*

*v.*

Larry L. LEDIN,
*Respondent.*

(93-13841; CA A92669)

941 P2d 1093

Julene M. Quinn argued the cause and filed the brief for petitioners.

Gordon S. Gannicott argued the cause for respondent. With him on the brief were David J. Hollander and Hollander, Lebenbaum & Gannicott.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Employer seeks review of an order of the Workers' Compensation Board (Board) setting aside a denial of claimant's consequential condition claim. Employer assigns error to the Board's refusal to allow it to amend its denial. We reverse and remand for reconsideration.

Claimant suffered a compensable injury in 1976 when a saw kicked back and hit him in the face. Following treatment for the injury and closure, claimant developed vision problems, headaches and neck pain. A myelogram showed defects in claimant's cervical spine, which his physician diagnosed as secondary to the trauma and as either a herniated disc or a root avulsion. The parties then entered into a stipulation, reopening the claim for payment of temporary total disability. The parties agreed "that claimant be provided medical care and treatment as necessary for the treatment of his cervical condition and other sequelae arising out of his injury." After the stipulation and surgery, claimant's physician discovered that claimant's neck condition was not a herniated disc or root avulsion, but was a neurilemmoma. Claimant's physician indicated that the neurilemmoma was probably preexisting, but that the injury precipitated and aggravated the symptoms. Claimant's claim was closed with an award of disability for the cervical condition.

In 1993, claimant was diagnosed with a tear of the medial meniscus in his right knee. Insurer denied the claim on the following grounds:

"You filed a claim for a work-related injury to your face which occurred on or about July 26, 1976 * * *. The claim has been accepted for facial laceration and hyperextension of the neck and benefits were provided according to law.

"We have recently received information that you are seeking treatment for a tear of the right medial meniscus which you feel is related to your July 26, 1976 injury. After reviewing the information in your file, we are unable to pay for your current treatment because the July 26, 1976 injury is not the major contributing cause of your condition. Your

current condition is related to treatment for a neurilemmoma which preexisted the injury of 1976. Therefore, we must issue this partial denial."

Claimant requested a hearing challenging the "denial" and "compensability."

During opening statements at the hearing, claimant argued that, because both parties agreed that the knee condition was related to the neurilemmoma, the only issue to litigate was whether the neurilemmoma was related to the original facial injury and the subsequent surgeries. Insurer argued that its denial did not concede that the treatment for the neurilemmoma was the major contributing cause of the knee condition and that, if its denial did make such a concession, insurer moved to amend its denial. Claimant objected to the amendment. The administrative law judge (ALJ) sustained the objection on the ground that, under our opinion in *Tattoo v. Barrett Business Service*, 118 Or App 348, 847 P2d 872 (1993), employers are not allowed to amend their denials at hearing. The ALJ ultimately set aside employer's denial. The Board adopted the opinion of the ALJ and affirmed.

On review, employer argues that the Board erred in failing to allow it to amend its denial. According to employer, our decision in *Tattoo* addressed only whether an employer may offer oral testimony that contradicts the plain wording of a denial and did not address whether a denial itself may be amended. Employer points out that precluding amendments of denials makes no sense, because it would prevent employers from withdrawing denials and accepting a previously contested claim and, likewise, would prevent amendments that have the effect of narrowing the scope of the denial to a claimant's benefit. Claimant contends that the Board correctly read *Tattoo* to preclude employers from amending their denials and that we subsequently said as much in *SAIF v. Mize*, 129 Or App 636, 879 P2d 907 (1994).

We agree with employer that the Board read *Tattoo* too broadly. In *Tattoo*, the claimant challenged the validity of the employer's denial of chiropractic care as being impermissibly prospective. The Board disagreed, concluding that the denial, by its terms, was for current chiropractic care only. On review, the claimant relied on the testimony of one of the

employer's own claims examiners to demonstrate that the employer intended the denial to cover future treatment, as well as past treatment. We held that the claimant could not rely on the testimony of the claims examiner: "[E]mployers are bound by the express language of their denials *and the testimony of the claims examiner here is irrelevant.*" *Id.* at 351-52 (emphasis supplied). We did not hold that an insurer may not amend its denial at hearing.

In *Mize*, we held that an insurer could not assert that its notice of acceptance was contingent on the insurer's right to appeal when the acceptance did not specify any such contingency. Although we cited *Tattoo* in stating that "employers are bound by the express language of their denials," and we found "no reason why that rule should not apply to an acceptance as well," *Mize*, 129 Or App at 639, we did not address the ability of an insurer to amend a denial at hearing, which is the issue before us in the present case. Moreover, amending an acceptance can involve substantially different considerations than amending a denial. Accordingly, our holding in *Mize* is not relevant to the case before us.

In short, neither *Tattoo* nor *Mize* addressed the ability of an insurer to amend its denial at hearing, and the Board's reliance on those cases for that proposition was in error.

Reversed and remanded for reconsideration.