Argued and submitted November 28, 2018, affirmed December 11, 2019

In the Matter of the Compensation of
Nancy E. Eggert, Claimant.

Nancy E. EGGERT,
*Petitioner,*

*v.*

SAIF CORPORATION
and The Adobe Motel, Inc.,
*Respondents.*

Workers' Compensation Board
1600198; A164923

455 P3d 1000

Claimant seeks judicial review of an order of the Workers' Compensation Board determining that SAIF, which had accepted claimant's knee injury claim "contingent on the outcome" of appeal, was not required to issue a modified notice of acceptance of claimant's knee injury claim after exhausting its challenges to the claim's compensability. Claimant contends that SAIF was required to issue a modified notice of acceptance removing the contingency and that its failure to do so in response to claimant's request for clarification of the notice of acceptance constituted a de facto denial of the claim. *Held*: A claim may be accepted contingently pending appeal. When litigation is finally concluded, the acceptance becomes final and the contingency falls away as a matter of law. Thus, after SAIF had exhausted its challenges to compensability, it did not need to issue an updated notice accepting the claim without the contingency. SAIF's failure to respond to claimant's request for clarification of the notice of acceptance did not constitute a de facto denial of the claim.

Affirmed.

Julene Quinn argued the cause and filed the briefs for petitioner.

Julie Masters argued the cause and filed the brief for respondents.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Landau, Senior Judge.*

EGAN, C. J.

Affirmed.

_____
\* Egan, C. J., *vice* Garrett, J. pro tempore.

**EGAN, C. J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board determining that SAIF was not required to issue a modified notice of acceptance of claimant's knee injury claim after SAIF exhausted its challenges to the compensability of the claim. Claimant's petition raises a legal issue that we review for errors of law. ORS 183.482(8)(a). We conclude that the board did not err and affirm.

We draw the facts, which are largely procedural and undisputed, from the board's order. Claimant injured her knee at work and filed a claim for a left medial meniscus tear, which SAIF denied. An administrative law judge (ALJ) set aside SAIF's denial, and SAIF appealed to the board.

Pending appeal to the board, and in compliance with the ALJ's order, SAIF issued an Initial Notice of Acceptance, which listed "left medial meniscus tear" as a "contingent accepted medical condition." The Initial Notice of Acceptance also stated:

> "SAIF's acceptance of these conditions * * * is contingent on the outcome of the appeal."

The board affirmed the ALJ's order setting aside SAIF's denial.

SAIF then closed the claim with an award of permanent impairment and, as required by OAR 436-030-0015, SAIF issued an Updated Notice of Acceptance at Closure, which described the accepted condition as "left medial meniscus tear."[1] The notice of closure also stated, "SAIF's

---

[1] The notice stated, in full:

"Oregon law requires us to provide you with an additional notice regarding your claim. SAIF Corporation wants to ensure you understand what your accepted conditions are at this time.

"The accepted condition(s) for your February 17, 2013 injury include:

"left medial meniscus tear.

"SAIF was ordered to accept the conditions listed below by Opinion and Order dated September 25, 2014. SAIF's acceptance of these conditions has been challenged on appeal, and the acceptance of these conditions is contingent on the outcome of the appeal. SAIF is not required to pay any disability

acceptance of these conditions has been challenged on appeal, and the acceptance of these conditions is contingent on the outcome of the appeal." The notice said that SAIF was not required to pay disability compensation "unless and until the condition is found to be compensable after all litigation is final." *See* ORS 656.313(1) (payment of some benefits stayed pending appeal).

Shortly thereafter, SAIF filed a petition for judicial review of the board's order. On SAIF's motion, we subsequently dismissed the petition, and SAIF paid the permanent impairment award.

Claimant then asked SAIF to provide a "clarified Notice of Acceptance" that did not include the statement that SAIF's acceptance was contingent on the outcome of litigation.[2] At that time, the determination of compensability

---

compensation for any condition under appeal unless and until the condition is found to be compensable after all litigation is final:

"left medial meniscus tear.

"The accepted condition(s) does not include a combined condition unless specifically indicated in this updated notice of acceptance. If a combined condition is accepted in this document, that acceptance is effective on the date of injury.

"Your overall claim remains accepted as disabling.

"**Notice to worker: This notice restates and includes all prior acceptances. The conditions that were the basis of this claim opening were the only conditions considered at the time of claim closure. The insurer or self-insured employer is not required to pay any disability compensation for any condition specifically identified as under appeal, unless and until the condition is found to be compensable after all litigation is complete. Appeal of any denied conditions or objections to this notice will not delay claim closure. Any condition found compensable after the Notice of Closure is issued will require the insurer to reopen the claim for processing of that condition. If you believe a condition has been incorrectly omitted from this notice, or this notice is otherwise deficient, you must communicate the specific objection to the insurer in writing.**"

(Boldface in original.) Claimant challenged the benefits awarded by the notice of closure, which the board ultimately upheld.

[2] Claimant's request stated, in part:

"The initial Notice of Acceptance in this claim was issued December 19, 2014, and states as follows:

"*SAIF was ordered to accept the conditions listed below by opinion and order dated September 25, 2014. SAIF's acceptance of these conditions had been challenged on appeal and the acceptance of the conditions is contingent on the outcome of the appeal. SAIF is not required to pay any permanent disability*

had become final, the claim had been closed, and claimant's benefits for impairment had been paid.[3]

SAIF did not respond to claimant's request to clarify the notice of acceptance, and claimant requested a hearing, asserting a "*de facto* denial/challenge to Notice of Acceptance/medical services." The parties presented their positions to the ALJ in writing. The ALJ concluded that SAIF was not required to amend its notice of acceptance, and claimant appealed to the board.

Citing our opinion in *Crawford v. SAIF*, 241 Or App 470, 480, 250 P3d 965 (2011), the board determined that SAIF was required to respond to claimant's request for clarification by revising the notice of acceptance or by making "other relevant clarification," but that it was not required to issue a new notice of acceptance. In *Crawford*, we addressed the requirements of ORS 656.262(6)(d) and ORS 656.267,[4]

---

*compensation or medical payments for any condition under appeal unless and until the condition is found to be compensable after all litigation is final.*

"By Judgment of the Court of Appeals, the above-referenced Notice of Acceptance became final on August 5, 2015. However, to date, a Modified Notice of Acceptance has not been issued. The applicable administrative rules require SAIF to issue a Modified Notice of Acceptance and a Form 1502 *** under the circumstances. It appears neither of these have been issued to date. Please issue a clarified Notice of Acceptance that does not state it is conditional or contingent upon any outcome of litigation, since all litigation regarding initial compensability has concluded."

(Emphasis in original.)

[3] SAIF notes that, in the litigation challenging the benefits awarded by the notice of closure, claimant did not raise an issue concerning the contingent nature of the notice of acceptance.

[4] ORS 656.262(6)(d) provides:

"An injured worker who believes that a condition has been incorrectly omitted from a notice of acceptance, or that the notice is otherwise deficient, first must communicate in writing to the insurer or self-insured employer the worker's objections to the notice pursuant to ORS 656.267. The insurer or self-insured employer has 60 days from receipt of the communication from the worker to revise the notice or to make other written clarification in response."

ORS 656.267 provides:

"(1) To initiate omitted medical condition claims under ORS 656.262 (6)(d) *** the worker must clearly request formal written acceptance of a new medical condition or an omitted medical condition[.] ***

"(2)(a) Claims properly initiated for new medical conditions and omitted medical conditions related to an initially accepted claim shall be processed pursuant to ORS 656.262."

as related to omitted condition claims, and explained that the nature of a claimant's request will dictate the response required from the insurer. When a claimant expressly seeks to have an omitted condition accepted, the insurer must respond by processing an omitted condition claim pursuant to ORS 656.262(7)(a), by either accepting or denying the claim within 60 days. *Id*. When, however, "the worker seeks a mere clarification of a notice of acceptance," the insurer's obligation to respond within 60 days under ORS 656.262 (6)(d) may be satisfied either by revising the notice of closure or by making other relevant clarification, including by a letter explaining what conditions are accepted. *Id*.

The board here determined that, because claimant's request sought only a *clarification* of the notice of acceptance and was not a request for acceptance of a new or omitted condition, it did not trigger an obligation to issue a new notice of acceptance or denial, but it did require a response by one of the two methods described in *Crawford*. The board concluded that, because SAIF failed to so respond, claimant was entitled under ORS 656.262(11)(a) to a penalty for an unreasonable delay or refusal to pay compensation.[5]

However, the board rejected claimant's contention that SAIF's failure to respond to claimant's request for clarification constituted a denial of the claim. The board noted that, having accepted the claim in response to the ALJ's order, SAIF could not withdraw its acceptance, except pursuant to ORS 656.262(6)(a) (providing for withdrawal of a notice of acceptance under limited circumstances). Because the claim had previously been accepted and processed as an accepted claim (with the exception of benefits that were stayed pending appeal pursuant to ORS 656.313), the board concluded that SAIF's failure to respond to claimant's request for clarification did not constitute a denial.

The board also rejected claimant's contention that a "contingent" acceptance is not permitted by the statutes. The board discussed our opinion in *SAIF v. Mize*, 129 Or App 636, 639, 879 P2d 907 (1994), in which we held that, pending an appeal of a compensability determination, the insurer's

---

[5] SAIF does not challenge the assessment of that penalty.

issuance of a "clear and unqualified" acceptance will result in a dismissal of the appeal. In rejecting claimant's contention that a "contingent" acceptance is not an authorized form of acceptance, the board cited ORS 656.262(7)(c) and OAR 436-030-0015(1)(c)(A)(ii),[6] both having come into effect after *Mize*, which the board concluded require an insurer to issue an updated notice of acceptance at closure that includes conditions found compensable through a litigation order but still on appeal or under review. The board noted its own case law requiring that, when a claim is accepted as a result of litigation and the insurer challenges the order, the insurer must nonetheless process the claim as accepted, *see Albert D. Avery*, 51 Van Natta 814 n 1, *on recons*, 51 Van Natta 927 (1999), but that, to avoid the outcome of *Mize*, an insurer may accept the claim on a contingent basis. *See Valerie Barbeau*, 49 Van Natta 1189 (1997). The board concluded that, in this case, SAIF could properly accept the claim as contingent pending appeal and was bound by the express terms of its acceptance, and that the contingency fell away when we dismissed SAIF's petition.

On judicial review, claimant contends that the board erred in failing to order SAIF to issue a notice of acceptance after the conclusion of the litigation, because SAIF has never issued an acceptance that complies with the terms of ORS 656.262(6),[7] as there is no statutory authority for a "contingent"

---

[6] ORS 656.262(7)(c) provides that claim closure is to proceed despite objections to the updated notice of closure or the appeal of denied conditions. OAR 436-030-0015(1)(c)(A)(ii) requires that the notice of acceptance at claim closure include "[a] list of all compensable conditions, even if a condition was denied, ordered accepted by litigation, and is under appeal."

[7] ORS 656.262(6)(a) requires an insurer to issue written notice of acceptance or denial of a claim within 60 days after the employer has notice or knowledge of the claim. ORS 656.262(6)(b) provides:

"The notice of acceptance shall:

"(A) Specify what conditions are compensable.

"(B) Advise the claimant whether the claim is considered disabling or nondisabling.

"(C) Inform the claimant of the Expedited Claim Service and of the hearing and aggravation rights concerning nondisabling injuries, including the right to object to a decision that the injury of the claimant is nondisabling by requesting reclassification pursuant to ORS 656.277.

"(D) Inform the claimant of employment reinstatement rights and responsibilities under ORS chapter 659A.

acceptance of a claim. If, however, SAIF's "contingent" acceptance constituted an acceptance under ORS 656.262 (6)(a), then, claimant contends, SAIF was required to issue a new notice of acceptance at claim closure to remove the contingency.

We agree with claimant that no statutory provision explicitly authorizes acceptance of a claim on a contingent basis. But, as we have noted, OAR 436-030-0015(1)(c)(A)(ii) requires that a notice of acceptance at closure include acceptance of conditions that have been ordered accepted through litigation and that are under appeal. The board has explicitly provided that, to fulfill that requirement—as well as the requirements of ORS 656.262(7)(c) that claim closure will not be delayed pending resolution of disputes concerning compensability and that, at claim closure, all compensable conditions must be listed in an updated notice of acceptance—a claim may be accepted contingently pending appeal.

And our case law implicitly requires the same conclusion. When a claim is ordered accepted by this court, the board, or an ALJ, the employer is required to process the claim as accepted, even pending appeal, by reopening the claim and processing it through to the issuance of a notice of claim closure. *See Providence Health System v. Walker*, 252 Or App 489, 500, 507, 289 P3d 256 (2012), *rev den*, 353 Or 867 (2013) (*Walker*) (ORS 656.313(1) contemplates that claim processing will continue pending litigation of compensability and that omitted condition claims will be reopened and processed pending appeal). We reject claimant's contention that a claim need not be accepted in order to be "processed," as required by *Walker*. The "reopening" that we said in *Walker* is required is the initial procedural mechanism for the processing of an *accepted* claim.

The requirement that a disputed claim be accepted and processed while under review or on appeal presents a conundrum for the insurer in light of *Mize*, where we held

---

"(E) Inform the claimant of assistance available to employers and workers from the Reemployment Assistance Program under ORS 656.622.

"(F) Be modified by the insurer or self-insured employer from time to time as medical or other information changes a previously issued notice of acceptance."

that an employer forfeits its challenge to the compensability of the claim by issuing an unconditional acceptance. 129 Or App at 640. We note that, in *Mize*, we explicitly did not address whether a contingent acceptance was permissible under then-existing statutes. *Id*. at 640 n 2.[8] But *Walker* and *Mize*, along with OAR 436-030-0015(1)(c)(A)(ii), together require the conclusion that, when an employer challenges a litigation order requiring acceptance of a condition, the notice of acceptance at claim closure may include a statement that the acceptance is contingent on the final outcome of the challenged order.

The remaining question is whether, after SAIF's challenges finally concluded, SAIF was required to modify its notice of acceptance at closure in response to claimant's request for clarification. Citing ORS 656.262(6)(b)(F) (requiring that a notice of acceptance be modified from time to time "as medical or other information changes a previously issued notice of acceptance"), claimant contends that the notice was required to be modified to reflect the new information that the acceptance was no longer contingent. But, as the board concluded (and as even claimant acknowledged in her request to SAIF), SAIF had previously accepted the claim, and our judgment dismissing SAIF's petition caused SAIF's notice of acceptance to become final as a matter of law. The contingency described in the notice of acceptance was thereby removed by operation of law. And we agree with the board that, although SAIF was required to respond to claimant's request for clarification, it was not required to issue a new notice of acceptance removing the contingency, as our judgment had that effect as a matter of law. We therefore affirm the board's order determining that SAIF's failure to respond to claimant's request for clarification did not constitute a de facto denial of the claim.

Affirmed.

---

[8] We also note that, despite claimant's position here that the claim has never been accepted, claimant's letter did not explicitly request acceptance of the claim; it only requested clarification of the acceptance, which, as the board correctly concluded, would not trigger an obligation to issue a notice of acceptance or denial under ORS 656.262(6)(d). *Crawford*, 241 Or App at 480.