Argued and submitted March 11, affirmed December 18, 2019

In the Matter of S. R. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. M. H.,
*Appellant.*

Benton County Circuit Court
18JU06113; A169383

455 P3d 576

In this juvenile dependency case, appellant challenges the juvenile court's judgment that disestablished her parentage of child. Appellant argues that ORS 419B.395(1) does not confer subject matter jurisdiction on the juvenile court to decide the issue of parentage before adjudicating whether the child is within its dependency jurisdiction. The Department of Human Services (DHS) argues that the juvenile court had subject matter jurisdiction to enter the judgment of nonparentage but raises the preliminary question of whether the Court of Appeals has jurisdiction because that judgment does not fit under any of the dispositions listed as judgments in ORS 419A.205(1). *Held*: The Court of Appeals has jurisdiction to hear the appeal from a judgment of parentage or nonparentage. ORS 419A.205(1) does not limit the type of juvenile court judgments that may be appealed under ORS 419A.200(1). Appellant's rights or duties are adversely affected by the judgment, and the juvenile court was authorized under ORS 419B.395(1) to issue the judgment. Because the juvenile court had subject matter jurisdiction when child was taken into protective custody, it had subject matter jurisdiction to adjudicate the parentage dispute before making a determination on whether to assert dependency jurisdiction.

Affirmed.

Locke A. Williams, Judge.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Cecil A. Reniche-Smith argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General.

Before Ortega, Presiding Judge, and Powers, Judge, and Landau, Senior Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Appellant challenges the juvenile court's decision that disestablished her parentage of child, S, who was born while appellant was married to S's biological mother. Appellant asserts that the juvenile court lacked subject matter jurisdiction to disestablish her parentage because, when it did so, it had not yet taken dependency jurisdiction of child. In response, the Department of Human Services (DHS) argues that the juvenile court had subject matter jurisdiction at the time the court entered the judgment of parentage and nonparentage. As explained below, we conclude that the juvenile court had subject matter jurisdiction to adjudicate parentage under ORS 419B.395(1), and accordingly, we affirm.

We review claims involving subject matter jurisdiction for errors of law. *Campbell v. Tardio*, 261 Or App 78, 80, 323 P3d 317 (2014). Challenges to subject matter jurisdiction can be raised at any stage even if they have not been raised before. *Id.*

Although dependency is not an issue on appeal, this case comes to us as a juvenile dependency case. Child was born when appellant was married to child's biological mother, although they were no longer cohabiting. JR is child's biological father. In February 2018, shortly after child was born, appellant traveled to California and obtained a judgment that (1) dissolved her marriage to biological mother and (2) awarded shared legal custody to appellant and biological mother.[1]

In July 2018, DHS removed child from biological mother's care based on methamphetamine use. DHS then filed a dependency petition that included allegations involving biological mother, biological father, and appellant, who was identified as "legal parent" in the dependency petition. The juvenile court issued a shelter order and placed child in

---

[1] Biological mother then attempted to have the issuing California court set aside the entire judgment. The court declined to set aside the dissolution; however, the court dismissed the child custody order, concluding that it did not have jurisdiction over child under the Uniform Child Custody Jurisdiction and Enforcement Act.

temporary custody of DHS for care, placement, and supervision under ORS 419B.809(5).

Before the contested shelter hearing, DHS filed a motion for an order to show cause regarding a judgment of nonparentage of child under ORS 419B.395.[2] In the motion, DHS requested that the court determine the status of appellant's parentage of child. Appellant responded to DHS's motion and argued, under an estoppel theory, that she should continue to be considered the legal parent of child—regardless of the physical evidence that father was, in fact, the biological father—because she had attempted to maintain a relationship with biological mother and child.

On September 19, 2018, the court issued a letter opinion that provided, in part:

"(1)   [Appellant] and [biological mother] were a legally married same-sex couple on November 18, 2017, when [child] was born to [biological mother]. [Appellant] and [biological mother] were subsequently divorced on February 1, 2018, in Lassen County, California, which judgment of dissolution was reviewed and upheld by the same court on June 22, 2018;

"(2)   Pursuant to ORS 109.070(1), [appellant's] parentage of [child] is rebuttably presumed because [appellant] was married to [biological mother] at the time of [child's] birth;

"(3)   Notwithstanding ORS 109.070(2), DHS has standing to challenge [appellant's] parentage of [child] because [appellant] and [biological mother] are no longer married, and DHS has temporary custody of the child;

"(4)   It is just and equitable to admit the evidence offered by DHS to rebut the presumption of [appellant's] parentage of [child], i.e. the DNA Test Report prepared by DNA Diagnostics Center, an accredited DNA testing laboratory, dated January 17, 2018, which report finds by a

---

[2]  ORS 419B.395(1) provides that:

"If in any proceeding under ORS 419B.100 or 419B.500 the juvenile court determines that the child or ward has fewer than two legal parents or that parentage is disputed as allowed in ORS 109.070, the court may enter a judgment of parentage or a judgment of nonparentage in compliance with the provisions of ORS 109.065, 109.070, 109.124 to 109.230, 109.250 to 109.262 and 109.326."

99.99999% probability that [JR] is the child's biological father; and

"(5)   The legal presumption that [appellant] is the parent of [child] has been rebutted."

The court concluded that appellant was not child's legal or biological parent, and that JR was the child's legal and biological father. Ultimately, the court issued a judgment disestablishing appellant's parentage and appellant now challenges that judgment on appeal.[3]

Before we discuss the merits of appellant's arguments, we first must address DHS's motion to determine appealability. In its motion, DHS raises the issue of whether the judgment issued by the juvenile court disestablishing parentage is appealable because it does not fit under any of the dispositions listed as judgments in ORS 419A.205(1). As explained below, although we agree with DHS's argument that the juvenile court's judgment in this case is not one of the dispositions listed in ORS 419A.205(1), that conclusion does not divest us of jurisdiction to hear this appeal. That is, we do not read ORS 419A.205(1) to limit the type of juvenile court judgments that may be appealed under ORS 419A.200(1) if the juvenile court is otherwise authorized to issue a judgment. Thus, because appellant's rights or duties are adversely affected and because a separate statute— ORS 419B.395(1)—authorized the juvenile court to enter the judgment of nonparentage, we conclude that we have jurisdiction to hear the appeal under ORS 419A.200(1).

ORS 419A.200(1) provides, in part, that "any person or entity *** whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom." ORS 419A.205(1) then catalogues a number of juvenile court dispositions that may be appealed:

"For the purpose of being appealed, the following are judgments:

"(a)   A judgment finding a child or youth to be within the jurisdiction of the court;

---

[3] Subsequently, DHS voluntarily moved to dismiss the dependency petition without prejudice, which the juvenile court granted.

"(b)  A judgment disposing of a petition including, but not limited to, a disposition under ORS 419B.325 or 419C.411;

"(c)  Any final disposition of a petition; and

"(d)  A final order adversely affecting the rights or duties of a party and made in a proceeding after judgment including, but not limited to, a final order under ORS 419B.449 or 419B.476."

In its motion to determine appealability, DHS reads ORS 419A.200(1) and ORS 419A.205(1) together to conclude that, to be appealable, a juvenile court's disposition must fall within one of the categories enumerated above. Appellant resists that restrictive reading and points to the juvenile court's authority in ORS 419B.395(1) to issue a judgment of parentage or nonparentage as providing the necessary "judgment" for purposes of ORS 419A.200(1). We agree with appellant's reading of the applicable statutes.

To determine whether the phrase "affected by a judgment of the juvenile court" in ORS 419A.200(1) is limited to the "judgments" described in ORS 419A.205(1), we turn to the analytical framework set out in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (examining the text, context, and any pertinent legislative history to discern the legislature's intended meaning of a disputed statute). Using that framework, we conclude that the universe of juvenile court judgments subject to appeal is not so circumscribed.

First, there is nothing about the text and context of ORS 419A.200(1) and ORS 419A.205(1) that excludes a properly issued judgment under ORS 419B.395(1) from being appealable. As noted above, ORS 419A.200(1) provides that a person or entity whose rights or duties are adversely affected "by a judgment of the juvenile court" may appeal, but the statute does not otherwise indicate what types of judgments are appealable. There is nothing in that statute's text or context that requires that the "judgments" be limited solely to those described in ORS 419A.205. Similarly, ORS 419A.205(1) does not provide any textual clues that can be useful in determining whether it has provided an exclusive or nonexclusive list of judgments for purposes of appeal. *See, e.g.*, *Clinical Research Institute v. Kemper Ins. Co.*, 191 Or

App 595, 603, 84 P3d 147 (2004) (observing that "the phrase 'such as' is indicative of a nonexclusive list of *examples*" (emphasis in original)); *Pilgrim v. Clatskanie People's Utility Dist.*, 149 Or App 234, 238-39, 942 P2d 821 (1997), *rev den*, 326 Or 389 (1998) (discussing the significance of what a term "means" versus what a term "includes" in definitional statutes). Indeed, the absence of any textual reference suggesting exclusivity militates against a restrictive reading. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]").

To be sure, ORS 419A.205 does list a number of dispositions that are considered to be judgments and that may be appealed, but that listing of dispositions serves to expand, not restrict, the type of dispositions that are appealable. On the one hand, the interpretative principle of *expressio unius est exclusion alterius* (the expression of one is the exclusion of others) could apply in this situation. *See Crimson Trace Corp. v. Davis Wright Tremaine LLP*, 355 Or 476, 497, 326 P3d 1181 (2014) (explaining that "care must be taken in applying" that interpretive canon).[4] On the other hand, the statutory context in which the listing of dispositions appears suggests that the canon is inapplicable, because the list does not encapsulate every kind of judgment that a juvenile court may render. *See Rogue Valley Sewer Services v. City of Phoenix*, 357 Or 437, 453, 353 P3d 581 (2015) (explaining that arguments based on the *expressio unis* canon "are most powerful when there is reason to

---

[4] The court explained:

"The mere expression of one thing does not *necessarily* imply the exclusion of all others. A sign outside a restaurant stating 'No dogs allowed' cannot be taken to mean that any and all other creatures are allowed—including, for example, elephants, tigers, and poisonous reptiles. The *expressio unius* principle is simply one of inference. And the strength of the inference will depend on the circumstances. For example, the longer the list of enumerated items and the greater the specificity with which they are stated, the stronger the inference that the legislature intended the list to be exhaustive. Also relevant is whether something is stated in one portion of the statute, but excluded in another; the fact that the legislature took the trouble to include a provision in one part of the statute strongly supports the inference that any exclusion elsewhere in the statute is intentional."

*Crimson Trace Corp.*, 355 Or at 497-98 (emphasis in original; citations omitted).

conclude that a list of enumerated terms was intended to be exhaustive"). On balance, we conclude that the listing of dispositions that the legislature denominated in ORS 419A.205 as judgments for purposes of appeal is not exclusive and does not exclude judgments that are authorized elsewhere in the juvenile code. Indeed, the statutory context of ORS 419A.200(1) includes ORS 419B.395(1), which specifically authorizes a juvenile court to issue a judgment of parentage or nonparentage. It would be anomalous for the legislature to have authorized the juvenile court to issue a judgment of parentage or nonparentage but prevent an affected party from appealing such a determination. Accordingly, we conclude that a juvenile court's judgment of parentage or nonparentage that is authorized by ORS 419B.395(1) is one such judgment contemplated by ORS 419A.200(1).

As applied in this case, there is no question that appellant's rights or duties are adversely affected by the juvenile court's judgment of nonparentage. Thus, we conclude that we have jurisdiction under ORS 419A.200(1).

Having determined that we have appellate jurisdiction, we turn to appellant's argument on appeal that the juvenile court did not have subject matter jurisdiction to adjudicate the parentage dispute. Specifically, appellant argues that ORS 419B.395(1) does not confer subject matter jurisdiction on the juvenile court to decide the issue of parentage before adjudicating whether the child is within the court's dependency jurisdiction. In support of her argument, appellant cites *Dept. of Human Services v. C. F.*, where we stated that "ORS 419B.100 governs the juvenile court's subject matter jurisdiction in dependency cases." 258 Or App 50, 54, 309 P3d 344, *rev den*, 354 Or 386 (2013) (citing *Dept. of Human Services v. S. P.*, 249 Or App 76, 84, 275 P3d 979 (2012)).[5] Appellant reasons that ORS 419B.100 gives

_____

[5] ORS 419B.100 provides, in part:

"Except as otherwise provided in subsection (5) of this section and ORS 107.726, the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"*****

"(c) Whose condition or circumstances are such as to endanger the welfare of the person or others[.]"

"exclusive original jurisdiction" over children adjudicated as dependent, but prior to such an adjudication, the juvenile court's jurisdiction is limited to safeguarding the welfare of the child. According to appellant, because the juvenile court had not yet adjudicated whether it had "exclusive original jurisdiction" over child, the case was not a "proceeding under ORS 419B.100," as required by ORS 419B.395(1), and therefore the juvenile court lacked the authority to enter the judgment of nonparentage. We disagree. As explained below, appellant's argument conflates the multiple meanings of the term "jurisdiction." Properly disentangled, a juvenile court may issue a judgment of parentage or nonparentage under ORS 419B.395(1) before it makes a determination on whether to assert dependency jurisdiction.

		"Jurisdiction," as recognized by the Supreme Court of the United States, "is a word of many, too many, meanings." *Arbaugh v. Y & H Corp*, 546 US 500, 510, 126 S Ct 1235, 163 L Ed 2d 1097 (2006) (citation omitted). There are, generally speaking, two uses of the term "jurisdiction" at issue in dependency cases: (1) the juvenile court's authority to act at all—often referred to as subject matter jurisdiction; and (2) the juvenile court's determination to assert jurisdiction over a child—sometimes referred to as a court asserting dependency jurisdiction. In the former context, the term "jurisdiction" may refer to "subject-matter jurisdiction, that is, the authority to exercise judicial power." *Multnomah County Sheriff's Office v. Edwards*, 361 Or 761, 777-78, 399 P3d 969 (2017). That authority is "conferred by statute or the constitution." *State v. Terry*, 333 Or 163, 186, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). "Thus, while judicial orders entered when a court lacked subject-matter jurisdiction may be attacked 'at any time and any place, whether directly or collaterally,' other orders may be challenged only directly, in a preserved claim of error." *Edwards*, 361 Or at 778 (quoting *PGE v. Ebasco Services, Inc.*, 353 Or 849, 856, 306 P3d 628 (2013)).

		In the context of dependency cases, when a juvenile court determines that DHS should be granted custody of a child such that the child becomes a ward of the state, we often state that the court has "taken jurisdiction" of that child. As the Supreme Court has explained, "When the

court takes jurisdiction of a child, a series of complex statutes and proceedings come into play. Those statutes seek to protect the safety and well-being of children, and the rights of both children and parents." *Dept. of Human Services v. S. J. M.*, 364 Or 37, 50, 430 P3d 1021 (2018). That jurisdictional question is a legal question based on factual findings. *See, e.g.*, ORS 419B.310(3) (requiring "facts alleged in the petition showing the child to be within the jurisdiction" to be "established by a preponderance of competent evidence"); *see also Chandler v. State*, 230 Or 452, 455, 370 P2d 626 (1962) ("It must be remembered that the word 'jurisdiction' as applied to this proceeding is not the kind of jurisdiction that gives the court the power to act at all. In the sense the word is used in [*former* ORS 419.476 (1961), *repealed by* Or Laws 1993, ch 33, § 373], which specifies the causes which permit the court to make the child a ward of the court, a finding of jurisdiction is a factual determination that the child is dependent or delinquent.").

The two uses of the term "jurisdiction" contemplate distinct legal concepts, and a juvenile court taking jurisdiction of a child is not a prerequisite for that court's authority to act at all, *viz.*, for the court to exercise its subject matter jurisdiction. Indeed, ORS 419B.157 establishes that "the jurisdiction of the juvenile court of the county in which a child is taken into protective custody shall attach from the time the child is taken into custody." The reference to "jurisdiction" in that statute is necessarily a reference to subject matter jurisdiction because, at the time a child is taken into custody, the court will not have had the opportunity to make the factual findings and legal determination required by ORS 419B.310(3) to assert dependency jurisdiction over a child. Accordingly, the juvenile court had subject matter jurisdiction when child was taken into protective custody, which was before any dependency hearing and before the court entered the judgment of parentage and nonparentage.

It follows that, because the court had subject matter jurisdiction, the juvenile court had the authority to decide an issue of parentage under ORS 419B.395(1), which provides:

"If in any proceeding under ORS 419B.100 or 419B.500 the juvenile court determines that the child or ward has

fewer than two legal parents or that parentage is disputed as allowed in ORS 109.070, the court may enter a judgment of parentage or a judgment of nonparentage in compliance with the provisions of ORS 109.065, 109.070, 109.124 to 109.230, 109.250 to 109.262 and 109.326."

In this case, DHS filed a dependency petition, the juvenile court had statutory authority to adjudicate the dependency petition under ORS 419B.100, and it was exercising that authority when the court entered the judgment of parentage and nonparentage. Therefore, the court was in a "proceeding under ORS 419B.100" as required by ORS 419B.395(1).[6]

Finally, appellant does not challenge the merits of the juvenile court's parentage determination or renew her estoppel argument on appeal, and thus we express no opinion on the sufficiency of the juvenile court's findings and conclusions in those regards. In sum, because ORS 419B.100 grants subject matter jurisdiction to a juvenile court to adjudicate dependency proceedings and ORS 419B.395 grants the juvenile court subject matter jurisdiction to adjudicate parentage, appellant's jurisdictional challenge is without merit.

Affirmed.

---

[6] In her reply brief, appellant raises for the first time on appeal an argument that this is not a case in which "parentage is disputed as allowed in ORS 109.070," which is also required by ORS 419B.395(1). We reject that argument because it was raised for the first time in her reply brief. *See, e.g.*, *Hayes Oyster Co. v. Dulcich*, 170 Or App 219, 237 n 20, 12 P3d 507 (2000) (noting that the plaintiff was advancing "a different basis in its reply brief as to why the trial court erred" and that the "new argument comes too late").