Submitted June 3, 2021, affirmed March 30, 2022

In the Matter of V. L., Jr.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

V. L., JR.,
*Appellant.*

Marion County Circuit Court
19JU03861; A172636

509 P3d 142

Youth appeals from a judgment of the juvenile court finding him within the court's jurisdiction for acts that, if committed by an adult, would constitute unlawful delivery of a marijuana item, ORS 475C.345. On appeal, youth argues that facts about a youth's age are among the "facts alleged in the petition showing the youth to be within the jurisdiction of the court" that "must be established beyond a reasonable doubt" under ORS 419C.400(2), and that the juvenile court erred by determining otherwise. *Held*: The Court of Appeals examined the text, context, and legislative history of ORS 419C.400(2), concluding that a youth's age—though required in a petition under ORS 419C.255—is not a fact that the state is required to prove beyond a reasonable doubt under ORS 419C.400(2) in a juvenile delinquency adjudication; therefore, the juvenile court did not err.

Affirmed.

Cheryl A. Pellegrini, Judge.

Erica Hayne Friedman and Youth, Rights & Justice Attorneys at Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

This case requires us to determine whether, in a juvenile delinquency adjudication, facts about a youth's age are among the "facts alleged in the petition showing the youth to be within the jurisdiction of the court" that "must be established beyond a reasonable doubt" under ORS 419C.400(2).[1]

Youth appeals from a judgment of the juvenile court finding him within the court's jurisdiction for acts that, if committed by an adult, would constitute unlawful delivery of a marijuana item, ORS 475C.345.[2] On appeal, youth argues that the juvenile court erred when it determined that the state was not required to prove beyond a reasonable doubt that youth was under 18 years of age.

We conclude that a youth's age—though required in a petition under ORS 419C.255(1)(a)—is not a fact that the state is required to prove beyond a reasonable doubt in a juvenile delinquency adjudication; therefore, the juvenile court did not err, and we affirm.[3]

## I.  BACKGROUND

The relevant facts are largely procedural and not in dispute. Youth, a high school student, was accused of selling marijuana products to middle school students. In an amended petition pursuant to ORS 419C.250, the state alleged that youth was 16 years old and was within the juvenile court's jurisdiction for acts that, if committed by an adult, would constitute unlawful delivery of a marijuana item, ORS 475C.345.

At a hearing on that petition, after the close of the state's evidence, youth argued that the state had not met

---

[1] ORS 419C.400(2) provides, "The facts alleged in the petition showing the youth to be within the jurisdiction of the court as provided in ORS 419C.005, unless admitted, must be established beyond a reasonable doubt."

[2] Youth was adjudicated under *former* ORS 475B.346 (2019), *renumbered as* ORS 475C.345(2) (2021); however, because that renumbering does not affect our analysis, we refer in this opinion to the current version of the statute.

[3] In a second assignment of error, youth argues that the state failed to adduce legally sufficient evidence that he was under 18 years of age. Our disposition as to youth's first assignment of error obviates the need to address his second assignment of error.

its burden to prove youth's age beyond a reasonable doubt. The state responded that youth's age was "not a material element" of the alleged offense that must be proved beyond a reasonable doubt; instead, the state argued, youth's age pertained to "a preliminary jurisdictional question" as to "whether [youth's] case should be heard in a juvenile court or [in] a criminal court."

The juvenile court briefly reviewed recordings from earlier proceedings, determined that youth's attorney had not previously confirmed youth's age, and declined to reopen the record for the state to introduce evidence of youth's age. Ultimately, the juvenile court concluded that youth's age was relevant to whether the juvenile court could adjudicate youth's case, but that it was not an element of the offense that the state had to prove beyond a reasonable doubt. In reaching that conclusion, the juvenile court explained:

> "[ORS] 419C.005 I think makes clear that the juvenile court has exclusive jurisdiction in any case involving a person who is under 18 years of age and who has committed an act that is a violation or that, if done by an adult, would constitute a violation of law ***.

> "*** [I]t seems to me that the matter of a [youth's] age determines whether or not this court has jurisdiction to adjudicate the case ***.

> "*****

> "I'm going to find for purposes of this proceeding that age is not a material element of the offense and, therefore, need not be proven by the state, which means that it would have to be raised by the defense or by youth's attorney if he sought to challenge whether or not this court properly had jurisdiction."

On appeal, youth argues that the juvenile court erred in reaching that conclusion, because being "'under 18 years of age' is a fact necessary to establish juvenile court jurisdiction, and, therefore, that fact must be proven beyond a reasonable doubt in a juvenile delinquency adjudication under ORS 419C.400(2)." The state responds that the "juvenile court correctly concluded that the state did not have to

prove beyond a reasonable doubt that youth was under 18 years of age," because "being under 18 is not a material element of" the offense alleged in the state's amended petition; instead, the state contends, youth's "age is pertinent only to determining which court has jurisdiction to hear his case—the juvenile court or the adult court."

As we understand the parties' arguments, we must determine whether, in a juvenile delinquency adjudication, facts about a youth's age are among the "facts alleged in the petition showing the youth to be within the jurisdiction of the court" that "must be established beyond a reasonable doubt" under ORS 419C.400(2).[4]

## II.   ANALYSIS

The parties' dispute "presents a matter of statutory construction, which we review for legal error." *State v. J. R.*, 318 Or App 21, 29, 507 P3d 778 (2022). "In conducting our review, our job is to ascertain the legislature's intent, which we do by examining the statutory text, context, and any pertinent legislative history." *Id.* (internal quotation marks omitted). In so doing, we are mindful of our obligation to "identify[] the correct interpretation, whether or not asserted by the parties." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

A.   *Text*

The text of ORS 419C.400(2) provides:

"The facts alleged in the petition showing the youth to be within the jurisdiction of the court as provided in ORS 419C.005, unless admitted, must be established beyond a reasonable doubt."

That text requires that a certain set of facts in a petition must be proved beyond a reasonable doubt—namely, the set of facts "showing the youth to be within the jurisdiction of the court." But nothing in the text of ORS 419C.400(2) explicitly provides whether that set of facts includes facts about a youth's age. Consequently, we must turn to the context of ORS 419C.400(2).

---

[4] Youth has not claimed to be 18 years of age or older; rather, youth argues that the state bears the burden of proving youth's age beyond a reasonable doubt.

B.  *Context*

A statute's context includes "other provisions of the same statute and related statutes." *Dalbeck v. Bi-Mart Corp.*, 315 Or App 129, 135, 500 P3d 711 (2021).

1.  *ORS 419C.005(1)*

One related statute specifically referenced in ORS 419C.400(2) is ORS 419C.005, which concerns the juvenile court's "exclusive original jurisdiction." Youth contends that the text of ORS 419C.400(2) must be "read together" with ORS 419C.005(1), which provides:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and who has committed an act that *** if done by an adult would constitute a violation, of a law or ordinance ***."

"Read together," youth contends, "ORS 419C.005(1) and ORS 419C.400(2) plainly support a conclusion [that] being 'under 18 years of age' is one of the facts to which [ORS] 419C.400(2) is referring." We disagree.

The text of ORS 419C.005(1) plainly refers to a person's age. But, as we explain, "[t]here are, generally speaking, two uses of the term jurisdiction" in the juvenile context, and the reference to age in ORS 419C.005(1) concerns whether *a case* is within the juvenile court's "exclusive original jurisdiction"—*i.e.*, its "subject matter jurisdiction"; it does not refer to a fact showing that *a youth* is "within the jurisdiction of the court"—*i.e.*, the "factual determination that the child is *** delinquent" for having violated a particular law. *Dept. of Human Services v. C. M. H.*, 301 Or App 487, 494-96, 455 P3d 576 (2019), *aff'd*, 368 Or 96, 486 P3d 772 (2021) (internal quotation marks omitted).

As noted, ORS 419C.005(1) provides that the juvenile court has "exclusive original jurisdiction" in "any case" involving "a person who is under 18 years of age." We have previously observed that that "jurisdictional wording" in ORS 419C.005(1) relating to delinquency matters "is identical to that used in juvenile dependency matters under ORS

419B.100(1)."[5] *State v. L. P. L. O.*, 280 Or App 292, 299, 381 P3d 846 (2016). That identical wording reflects the fact that the "grant of 'exclusive original jurisdiction' to the juvenile court dates to 1959, when the legislature enacted a comprehensive juvenile code comprising a single set of statutes to govern both dependency and delinquency proceedings." *Dept. of Human Services v. C. M. H.*, 368 Or 96, 105, 486 P3d 772 (2021) (citing Or Laws 1959, ch 432).

In 1959, the legislature enacted the predecessor to current ORS 419C.005(1)—*former* ORS 419.476(1) (1959), *repealed by* Or Laws 1993, ch 33, § 373. In a report prepared by the legislative committee tasked with revising the juvenile code, the committee explained that the "juvenile court should have original exclusive jurisdiction in *all cases* involving criminal offenses by persons under 18." Report of the Legislative Interim Committee on Judicial Administration, Part II Juvenile Law, 8 (Jan 1959) (emphasis added). That report further explained the problem that *former* ORS 419.476 was intended to solve:

> "Although the present juvenile law was probably intended to confer exclusive jurisdiction over children on the juvenile court, *see* ORS 419.544, its provisions are not clear on the point, and the Supreme Court concluded that the criminal courts retained concurrent jurisdiction over juvenile offenders. *See In re Loundagin*, 129 Or 652 (1929). The consequence is that under present law, the decision whether a child should be proceeded against in criminal court or circuit court is vested, at least in the first instance, in the district attorney. We believe this decision should be made by the juvenile court and, accordingly, specify that it has exclusive original jurisdiction."

Report of the Legislative Interim Committee on Judicial Administration, Part II Juvenile Law at 13.

The committee's explanations indicate that a person's age in *former* ORS 419.476(1) was relevant to determining which court should hear that person's case; nothing

---

[5] ORS 419B.100(1) provides, in part:

"[T]he juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and" whose circumstances fall within one of the categories enumerated in paragraphs (1)(a) - (h).

in that legislative history suggests that the matter of age in *former* ORS 419.476(1), the predecessor to ORS 419C.005(1), concerned what facts in a petition must be proved beyond a reasonable doubt.

Years later, in 1993, "the legislature split the grant of 'exclusive original jurisdiction' from *former* ORS 419.476(1) into ORS 419B.100(1), governing juvenile court jurisdiction over dependency, and ORS 419C.005(1), governing juvenile court jurisdiction over delinquency." *C. M. H.*, 368 Or at 106 (citing Or Laws 1993, ch 33, §§ 53, 149). Importantly, however, we said that, in "splitting the dependency and delinquency codes, the legislature did not make any changes to that text that would evince a legislative intention to treat the identical text in those two statutes differently from each other, or differently from the case law previously applying it." *L. P. L. O.*, 280 Or App at 301. Over the years, Oregon case law has repeatedly stated that the juvenile code provisions conferring "exclusive original jurisdiction" pertain to subject matter jurisdiction. *See, e.g.*, *Dept. of Human Services v. K. W.*, 307 Or App 17, 30, 476 P3d 107 (2020), *rev den*, 368 Or 347 (2021) ("[W]hen the understanding of 'exclusive original jurisdiction' concerning *former* ORS 419.476 (1991) is applied to ORS 419B.100, those terms refer to subject matter jurisdiction."); *C. M. H.*, 301 Or App at 497 ("ORS 419B.100 grants subject matter jurisdiction to a juvenile court."); *see also C. M. H.*, 368 Or at 98, 104 ("[T]he juvenile court possesses 'exclusive original jurisdiction' over certain cases involving a person under the age of 18," and "the phrase 'exclusive original jurisdiction' refers to the juvenile court's subject matter jurisdiction.").

For those reasons, we conclude that ORS 419C.005(1)'s reference to a person's age relates to whether the juvenile court has subject matter jurisdiction over that person's case; it does not prescribe what facts in a petition must be proved beyond a reasonable doubt under ORS 419C.400(2)—*i.e.*, the facts concerning a youth's violation of a particular law that "bring the youth within the jurisdiction of the court." Consequently, we reject youth's argument that the textual reference to age in ORS 419C.005(1) requires facts about a youth's age to be proved beyond a reasonable doubt.

2.   *ORS 419C.255*

Another related statute that is particularly relevant here is ORS 419C.255, which specifies the facts that must be included in a juvenile delinquency petition. ORS 419C.255 provides, in relevant part:

> "(1)   The petition shall set forth in ordinary and concise language such of the following facts as are known and indicate any which are not known:
>
> "(a)   The name, age and residence of the youth.
>
> "(b)   The facts which bring the youth within the jurisdiction of the court as provided in ORS 419C.005."

Two features of ORS 419C.255 are especially noteworthy. First, paragraph (1)(a) requires the petition to include facts about the youth's "name, *age* and residence." (Emphasis added.) Paragraph (1)(b) separately requires the petition to include the facts that "bring the youth within the jurisdiction of the court." The choice to require facts about a youth's name, age, and residence in paragraph (1)(a) and to separately require facts that "bring the youth within the jurisdiction of the court" in paragraph (1)(b) evinces a legislative intention to treat those two sets of facts as distinct from each other. In other words, the legislature's decision to separately enumerate those two sets of facts suggests that the set of facts that "bring the youth within the jurisdiction of the court" is separate from, and does not include, facts about a youth's age. If, instead, the facts required under paragraph (1)(b) were understood to *include* facts about a youth's age, such an understanding would render at least part of paragraph (1)(a) superfluous—a circumstance incompatible "with the interpretive principle that, if possible, we give a statute with multiple parts a construction that 'will give effect to all' of those parts." *State v. Cloutier*, 351 Or 68, 98, 261 P3d 1234 (2011) (quoting ORS 174.010).

There is a second noteworthy feature of ORS 419C.255: Under paragraph (1)(b), the petition must include the facts that "bring the youth within the jurisdiction of the court," which, again, refers to the factual determination that the youth has violated a particular law, 318 Or App at 575, and, under ORS 419C.400(2), it is the facts in

the petition "showing the youth to be within the jurisdiction of the court" that must be established beyond a reasonable doubt. Thus, reading ORS 419C.255 together with ORS 419C.400(2) suggests that the facts in a juvenile petition that must be proved beyond a reasonable doubt are the set of facts described in ORS 419C.255(1)(b)—*i.e.*, the set of facts showing that *a youth* is "within the jurisdiction of the court" for having violated a particular law—which, as we determined above, does not include the facts about a youth's age separately enumerated in ORS 419C.255(1)(a).

Based on the foregoing, we understand that the facts in a juvenile petition that must be proved beyond a reasonable doubt under ORS 419C.400(2) are the facts described in ORS 419C.255(1)(b), and that that set of facts is separate from, and does not include, facts about a youth's age. Thus, ORS 419C.400(2) does not require facts about a youth's age to be established beyond a reasonable doubt.

That understanding is further supported by the legislative history of ORS 419C.255. *See State v. Stamper*, 197 Or App 413, 420, 106 P3d 172, *rev den*, 339 Or 230 (2005) ("Also considered part of the broader context of a statute is the legislative history of related statutes.").

As noted above, ORS 419C.255 specifies the facts that must be included in a juvenile delinquency petition. The text of that provision has remained virtually unchanged since its statutory predecessor—*former* ORS 419.484 (1959), *repealed by* Or Laws 1993, ch 33, § 373—was enacted in 1959. *See* Or Laws 1959, ch 432, § 7. *Former* ORS 419.484 (1959) provided, in relevant part:

> "(2)   The petition shall set forth in ordinary and concise language such of the following facts as are known and indicate any which are not known:
>
> "(a)   The name, age and residence of the child.
>
> "(b)   The facts which bring the child within the jurisdiction of the court as provided in subsection (1) of [*former*] ORS 419.476."

The purpose of those provisions was explained in the same 1959 legislative report mentioned above:

"[ORS 419.484] sets forth the matters which must appear in the petition. Present law, ORS 419.504, provides that the petition must set forth 'the facts' without saying what the necessary facts are. The proposed code spells this out, requiring the indispensable minimum of information which the court ought to have. *In addition to identifying information*, the petition must contain the 'facts which bring the child within the jurisdiction of the court as provided in [*former* ORS 419.476].' Thus, the petition must allege the facts concerning violation of a designated law \*\*\*."

Report of the Legislative Interim Committee on Judicial Administration, Part II Juvenile Law at 16 (emphasis added).

As that report explains, facts about a youth's "name, *age* and residence" (*i.e.*, "identifying information") are required "*in addition to*" the set of facts "which bring the child within the jurisdiction of the court" (*i.e.*, "the facts concerning violation of a designated law"). (Emphases added.) That explanation further indicates that facts about a youth's age—though required in a petition—are distinct from the set of facts alleged in a petition which "bring the child within the jurisdiction of the court." It follows, then, that the set of "facts alleged in the petition showing the youth to be within the jurisdiction of the court" that "must be established beyond a reasonable doubt" under ORS 419C.400(2) are the facts concerning a youth's violation of a particular law, and not the facts about a youth's age.

To summarize, the aforementioned text and context indicate as follows: First, under ORS 419C.400(2), the facts in a petition that must be established beyond a reasonable doubt are the set of facts "showing the youth to be within the jurisdiction of the court"; and second, under ORS 419C.255(1)(b), the set of facts "which bring the youth within the jurisdiction of the court" does not include facts about a youth's age.

3. *ORS 419C.050*

Another statute in the juvenile code—ORS 419C.050—further indicates that age is not a fact in a petition that must be proved beyond a reasonable doubt but is

instead relevant to determining which court has subject matter jurisdiction over a youth's case. ORS 419.050 provides, in relevant part:

> "If during the pendency of a proceeding involving an allegation of a crime in any court other than a juvenile court it is ascertained that the age of the person who is the subject of the proceeding is such that the matter is within the exclusive jurisdiction of the juvenile court, it is the duty of the court in which the proceeding is pending to transfer the proceeding to the juvenile court of the county in which the proceeding is pending."

That text indicates that ascertainment of age is something to be done toward the outset of a proceeding and relates to whether a person's case is to receive juvenile court treatment or adult court treatment—an indication that also weighs against treating age as a fact that must be proved beyond a reasonable doubt in a delinquency adjudication.

C. *Legislative History*

Having discussed text and context, we note that our review of the legislative history relevant to ORS 419C.400(2) provided no indication that facts about a youth's age in a delinquency petition must be proved beyond a reasonable doubt.

### III.   CONCLUSION

In light of the foregoing, we conclude that a youth's age—though required in a petition—is not a fact that the state is required to prove beyond a reasonable doubt in a juvenile delinquency adjudication; therefore, the trial court did not err when it determined that the state was not required to prove beyond a reasonable doubt that youth was under 18 years of age in that proceeding. Accordingly, we affirm.

Affirmed.